Anthony Tyrone MICHAEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–92–00029–CR.

Court of Appeals of Texas,
Dallas.

Aug. 25, 1993.

John G. Tatum, Dallas, for appellant.

Suzanne Kirby Perkins, Asst. Dist. Atty., Dallas, for appellee.

Before BAKER, MALONEY and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

Anthony Tyrone Michael pleaded not guilty to a charge of burglary of a habitation. The trial court found appellant guilty, found the second enhancement paragraph true, and assessed a twenty-year sentence. Appellant contends the trial court erred by overruling his hearsay objection to testimony. He also contends the evidence is insufficient to support his conviction. We affirm the trial court's judgment.

### FACTUAL BACKGROUND

Complainant testified that on the night of the burglary she was at work. Before she left for work, the television was in her daughter's room. She did not give anyone consent to take it. Someone kicked in her door. She noticed a tennis shoe print on the door.

Complainant's daughter confirmed her mother's testimony about the burglary. The daughter left her house about 4:30 p.m. When she returned home about 9:30 that evening, the back door was open and broken. She called the police. When the police arrived, she told them her mother's television was missing. Later, the daughter asked her neighbors if they had heard anything. They gave her information about appellant and his brother Eric. She had known both for about four months as neighborhood friends.

A neighbor testified she knew both appellant and Eric. About 8:00 p.m. on the night of the burglary, Eric came to her house and asked to use her telephone to call his father. When he could not find his father, he left the neighbor's house.

The neighbor's brother, Jackie Miller, testified. About 8:30 p.m. he heard someone call his name from the back of the house. It was appellant and Eric. Eric asked Miller if he would take Eric somewhere to pick up a television. Miller asked appellant and Eric what they had done. Miller then started to answer the prosecutor's next question about appellant and Eric's answer. Over defense counsel's hearsay objection, Miller testified Eric told him they had a television. Eric said that they wanted Miller to take them and the television somewhere.

Miller then asked appellant and Eric whether they broke into someone's house. Miller said, "Eric told me he did it down the street." Defense counsel objected to the prosecutor leading the witness. Defense counsel also reurged his objection on hearsay grounds. The trial court overruled both the objections. Miller testified appellant was present during all of this conversation but said nothing.

Miller said appellant and Eric went across the street to some bushes. They reached into the bushes, picked up a television, and carried it towards their house.

Next, a Dallas police officer testified that the day after the burglary he arrested appellant's father. The officer found a stolen television in his car. As a part of his investigation, the officer went to the Michael house. He saw appellant and asked appellant his name and if he lived there. Appellant gave the officer a false name and told the officer he didn't live there.

Eric testified. He said he alone stole the television from the house. He entered the house by kicking in the door, got the television, carried it out of the house, and hid it in the bushes. He then went to Miller's house to call his father. When he could not find his father, he went home and got appellant to help him carry the television down the street. Eric also testified appellant was with him when he went to Miller's house to make the telephone call. The television was heavy, and he needed help to carry it.

Appellant testified on his own behalf. He testified Eric told him he had a television in the bushes that he needed help in carrying.

Eric assured him the television was not stolen. Appellant first testified that when he saw the television in the bushes, he recognized it as belonging to complainant and he "knowed [sic] it was stolen." Later, he said after they carried it back to their house, he recognized the television as complainant's.

Appellant testified he had first seen the television at complainant's house when he was there visiting. The next time he saw the television, it was in the bushes across the street from complainant's house. He said he was not with Eric when Eric stole the television. However, he also testified that Eric had never been in the complainant's house, the television was heavy, and it took both of them to carry it.

## SUFFICIENCY OF EVIDENCE

### A. Standard of Review

When an appellant challenges the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jones v. State*, 833 S.W.2d 118, 122 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993). The trier of fact is the sole judge of the witnesses' credibility and the weight given their testimony. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The trier of fact is free to reject all or part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The trier of fact need not believe even uncontroverted testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978).

### B. Burglary of a Habitation

Section 30.02 of the Texas Penal Code provides:

(a) a person commits an offense if, without the effective consent of the owner he:

(1) enters a habitation, or a building ... with intent to commit a felony or theft; or ...

(3) enters a building or habitation and commits or attempts to commit a felony or theft.

TEX.PENAL CODE ANN. § 30.02 (Vernon 1989); *Garcia v. State*, 571 S.W.2d 896, 898–99 (Tex. Crim.App. [Panel Op.] 1978).

## C. Law of Parties

Section 7.01 of the Penal Code provides:

(a) a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

TEX.PENAL CODE ANN. § 7.01(a) (Vernon 1974). Section 7.02 of the Texas Penal Code provides:

(a) a person is criminally responsible for an offense committed by the conduct of another if:

. . . . .

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974).

■ The court may apply the law of parties to a case though the State does not allege the law of parties in the indictment. *See Montoya v. State*, 810 S.W.2d 160, 165 (Tex.Crim.App.1989), *cert. denied,* —— U.S. ——, 112 S.Ct. 426, 116 L.Ed.2d 446 (1991). The State can prove the accused participated in an offense by circumstantial evidence. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim.App.1985), *cert. denied,* 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986). The court may infer the accused's intent from the acts, words, and conduct of the accused. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim.App. [Panel Op.] 1982).

■ Mere presence at the commission of the offense is normally not enough standing alone to prove an actor is a party. However, it is one of the factors the court may consider to show the accused was a participant in the offense. *Eastman v. State*, 636 S.W.2d 272, 274 (Tex.App.—Amarillo 1982, pet. ref'd). Evidence is sufficient under the law of parties if the accused was physically present at the commission of the offense and he encouraged the commission of the offense by his acts, words, or deeds. *See Burdine v. State*, 719 S.W.2d 309, 315 (Tex.Crim.App. 1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). The court may look to events before, during, and after the commission of the offense in determining if the accused is a party. *Alexander v. State*, 607 S.W.2d 551, 553 (Tex.Crim.App. [Panel Op.] 1980).

■ The law of parties applies to the offense of burglary of a habitation. *See Alexander,* 607 S.W.2d at 553.

## D. Application of Law to the Facts

■ Appellant contends there is no evidence to show he entered complainant's house without her effective consent. He contends the State relied on the theory of recent unexplained possession of stolen property and rank hearsay testimony to charge him with this offense. He further contends complainant's testimony did not show that the television reported stolen was the same television found in his father's trunk. Appellant contends his brother Eric stole the television and that his brother corroborated this version of the offense.

■ Appellant argues that because the State did not refute his version of the facts, this Court must view the evidence in the light most favorable to his presumed innocence. We disagree. Our court of criminal appeals has specifically rejected this standard of review in a circumstantial evidence case. *See Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (op. on reh'g), *overruled on other grounds, Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). As we have already stated, the correct standard of review is to view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the essential elements of the offense

beyond a reasonable doubt. *Jones,* 833 S.W.2d at 122.

There is no direct evidence that appellant himself entered the house within the meaning of the statute. For appellant to be guilty of burglary, the State must show he acted as a party to the offense.

Complainant identified the stolen television as hers. She did not consent to anyone entering her house to take the television. The television was heavy enough to require two persons to carry it. Jackie Miller testified that on the night of the burglary he saw appellant and Eric outside his house. Eric asked Miller if Miller would take them to get a television. Miller would not and asked Eric if they had stolen the television. · Eric said he had stolen the television down the street. Miller watched Eric and appellant cross the street, pick up a television from some bushes, and together carry it down the street.

Appellant admitted he had been in complainant's house and had seen the television. He also admitted Eric had not been in complainant's house. Appellant first testified that when he went with Eric to the bushes, he recognized the television as belonging to complainant. Appellant admitted that he realized the television was stolen, yet he helped Eric carry it from the bushes to their house. Appellant later testified he did not recognize the television as belonging to complainant until he and Eric got it back to his house. On cross-examination appellant admitted he did not call complainant's daughter or the police when he found out Eric stole the television. Also, when a Dallas police officer questioned appellant about the stolen television at appellant's house, appellant gave the officer a false name and told the officer he did not live there.

When viewed in the light most favorable to the verdict, we hold the evidence is sufficient for the trial court to conclude appellant was a party to the offense. We overrule appellant's second point of error.

## MILLER'S TESTIMONY

### A. Appellant's Contentions

In his first point of error, appellant complains the trial court erred in overruling appellant's hearsay objection to Miller's testimony. Appellant argues the evidence was not admissible under any exception to the hearsay rule. He also argues the trial court erred in admitting the testimony because it improperly bolstered the testimony of the other witnesses and invaded the province of the jury.

### B. The State's Contentions

The State contends appellant's point is multifarious because it concerns two separate portions of Miller's testimony and two rulings by the court. The State argues the point presents nothing for review. The State argues appellant did not preserve error because his point of error on appeal does not comport with his trial objection. The State further argues that the testimony was admissible as a statement against interest under Texas Rules of Criminal Evidence. The State concludes the trial court did not err in admitting the testimony in question or, in the alternative, appellant did not rebut the presumption that the trial court disregarded any inadmissible evidence.

## HEARSAY EXCEPTION—STATEMENT AGAINST INTEREST

 Rule 803 of the Texas Rules of Criminal Evidence provides for hearsay exceptions. A statement made by a declarant that tends to subject him to criminal liability that a reasonable man in his position would not have made the statement unless he believed it to be true is an exception to the hearsay rule. A statement tending to expose declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. *See* TEX.R.CRIM.EVID. 803(24); *Williams v. State,* 800 S.W.2d 364, 367–68 (Tex.App.—Fort Worth 1990, pet. ref'd), 805 S.W.2d 474 (Tex.Crim.App.1991).

## APPLICATION OF LAW TO THE FACTS

The record reflects that when the State examined Miller on direct examination, the following occurred:

Q. Okay, what happened after they called your name out?

A. Well, Eric, asked me, did I want to—he wanted me to take him somewhere to—for a T.V., and I said, "No, man," I said—is that—this is the exact words, I said, "what have y'all done, man?"

Q. You asked them what they had done?

A. Yes. And, then they told me that they had—

[DEFENSE COUNSEL]: Object, your Honor, I'm going to object to any hearsay.

[PROSECUTOR]: Clearly this is a statement against interest from a co-defendant, and he can testify to that.

THE COURT: Okay, overruled.

[DEFENSE COUNSEL]: Judge, it maybe a statement against—it's a statement made, by somebody besides my client, and, it maybe, admissible as to, the person who made the statement, being the statement is against his interest, but that it is not a statement against the interest of Mr. Michael, in other words, it is not a statement made by Mr. Michael, Anthony Michael made against his interest, therefore it is not admissible.

THE COURT: I understand. Overruled. Okay, go ahead.

[BY THE PROSECUTOR]:

Q. And so, what exactly did Eric tell you?

A. He said they had a T.V. and they wanted me to take them somewhere, and I told them no, and so I asked them I said, "man," I said, "What you done done, man? You done broke into somebody's house?" But, you see, he had told me that he did it down the street.

Q. So, they said, Eric said, yeah, they had broken in the house, but it was on down the street?

[DEFENSE COUNSEL]: Your Honor, objection he is leading the witness. And, again, I object on the basis of statement against interest, Judge, if you will look at rule number 24, it says that statements are made by the declarant, against the declarant's interest, and this is not a statement made by this—this is not the declarant, and it is not admissible.

[PROSECUTOR]: But, it doesn't say that—

THE COURT: Okay.

[PROSECUTOR]: If I can respond.

[DEFENSE COUNSEL]: And at this time, they are not admissible.

THE COURT: Well, perhaps we can resolve this, I'm going to overrule it for now, and you can preserve any error I may have made for appeal.

[DEFENSE COUNSEL]: Thank you, Judge.

THE COURT: And if I later determine it to be hearsay, then I won't consider it for any reason.

## A. Multifarious Point

The State first asserts appellant's point of error is multifarious. The State concludes the point does not preserve any alleged error. *See Euziere v. State,* 648 S.W.2d 700, 703 (Tex.Crim.App.1983). We disagree.

A point of error is multifarious if it combines more than one contention in a single point. *See Sterling v. State,* 800 S.W.2d 513, 521 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991). The record shows appellant directed his hearsay objection to the State's question about what Eric told Miller. The first time the State asked the question, defense counsel objected before Miller answered. The trial court overruled the objection. The State asserted the testimony was a statement against interest from a codefendant and that it was admissible as an exception to the hearsay rule. The trial court reiterated his ruling. The State asked Miller the same question again. Miller testified he asked appellant's brother whether they broke into somebody's house. Eric replied that they had a television and they wanted Miller to take them somewhere. Eric also said he did it down the street. Defense counsel again objected on the grounds of hearsay. In our view, the point is not multifarious. Even if it is multifarious, the point of appellant's argument is clear. *See Imo v. State,* 822 S.W.2d 635, 636 (Tex.Crim.App.

1991) (per curiam). We consider the argument on its merits.

### B. Objections Preserved for Appeal

█ The State next contends that appellant's argument on appeal does not comport with the objection at trial. The State acknowledges appellant objected to Miller's testimony on hearsay grounds. On appeal, appellant argues that Miller's testimony was: (1) hearsay; (2) bolstering; and (3) invaded the province of the jury. The record shows appellant did not object in the trial court that Miller's testimony was bolstering or invaded the province of the jury.[1] Appellant may not use an objection stating one legal basis to support a different legal theory on appeal. *Rezac v. State,* 782 S.W.2d 869, 870 (Tex. Crim.App.1990). The only objection preserved for review is appellant's hearsay objection.

### C. Was Miller's Testimony Admissible?

█ On appeal the State argues, as it did in the trial court, that Miller's testimony was a statement against interest and admissible under an exception to the hearsay rule. *See* TEX.R.CRIM.EVID. 803(24). We disagree. Under the plain language of that exception to the hearsay rule, the declarant must make the statement against interest, and the statement must tend to subject the declarant to criminal liability. *See* TEX.R.CRIM.EVID. 803(24). Here, the first part of Eric's statement implicated both appellant and him. The second part of the statement implicated only Eric. The State acknowledges that the statements subjected only Eric as the declarant to criminal liability. Miller's testimony was not admissible as an exception to the hearsay rule under rule 803(24) because appellant was not the declarant. The trial court erred in admitting Miller's testimony.

### D. Was Miller's Testimony Harmful?

█ That Miller's testimony was not admissible does not end the inquiry. We must determine whether the introduction of the evidence resulted in reversible error. *See* TEX.R.APP.P. 81(b)(2); *Harris v. State,* 790 S.W.2d 568, 584 (Tex.Crim.App.1989).

We must reverse the conviction unless we conclude beyond a reasonable doubt that the error did not contribute to the conviction. *Harris,* 790 S.W.2d at 584. We must examine the entire record in a neutral, impartial, and even-handed manner. *Harris,* 790 S.W.2d at 586. In applying the harmless error rule, we do not focus on the propriety of the outcome of the trial. We are concerned with the integrity of the process leading to the conviction. We examine the source of the error, the nature of the error, whether or to what extent the State emphasized it, and its probable collateral implications. We consider how much weight the fact finder would probably place upon the error. We determine whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris,* 790 S.W.2d at 587.

We focus not on the weight of the other evidence of guilt, but rather on whether the error might prejudice the fact finder's decision-making function. We do not ask whether the fact finder reached the correct result, but rather whether the fact finder was able to apply the law properly to facts to reach a verdict. In essence, we determine whether the trial was essentially a fair trial. *Harris,* 790 S.W.2d at 588. We isolate the error and all its effects, using the consideration set aside above and any other consideration suggested by the facts of an individual case. We ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Harris,* 790 S.W.2d at 890.

Miller's testimony did not directly implicate appellant as the party who went into the complainant's house. His testimony did directly implicate Eric as the person who stole the television. However, Miller watched Eric and appellant cross the street, pick up a television from some bushes, and together carry it down the street. Appellant had been in complainant's house and seen the television. His brother Eric had not been in complainant's house. The television was heavy enough to require two persons to carry it. Appellant said that when he went with

---

1. We note appellant waived a jury and tried the case to the court.

Eric to the bushes, he recognized the television as belonging to complainant. He admitted he knew the television was stolen, yet he helped Eric carry it from the bushes to their house. He did not call the complainant's daughter or the police to report the stolen television.

Finally, when a Dallas police officer questioned appellant about the stolen television at appellant's house, appellant gave the officer a false name and told the officer he did not live there. After considering the entire record and applying the standards set out in *Harris,* we conclude beyond a reasonable doubt that the admission of Miller's testimony did not contribute to appellant's conviction or punishment. TEX.R.APP.P. 81(b)(2); *Harris,* 790 S.W.2d at 588.

Finally, the State argues that even if the court erroneously admitted Miller's testimony, appellant did not overcome the presumption that the trial judge as trier of fact disregarded any inadmissible evidence presented at trial. The court of criminal appeals has expressly disavowed this presumption. *See Gipson v. State,* 844 S.W.2d 738, 741 (Tex.Crim.App.1992). We overrule appellant's first point of error.

We affirm the trial court's judgment.