Fernando Reyes TAPIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–93–01873–CR.

Court of Appeals of Texas,
Dallas.

Sept. 17, 1996.*

* **Editors Note:** Majority Opinion originally designated not for publication; dissenting opinion designated for publication and by operation of Tex.Rules App.Proc. 90 both opinions are published.

John H. Hagler, Dallas, for appellant.

Carolyn Fitz–Gerald–Levin, for the State.

Before Justices MALONEY, HANKINSON [1], and HILL.[2]

## OPINION

MALONEY, Justice.

The jury convicted appellant of aggravated assault and assessed a four year sentence. In two points of error, appellant contends his conviction violates his federal constitutional right of confrontation and he was denied effective assistance of counsel at trial. We affirm the trial court's judgment.

## BACKGROUND

Complainant was shot in an apparent gang-related, drive-by shooting. Complainant and his brother identified the vehicle from which the shots were fired as a red, four-door, compact car. When the red car drove up to the shooting scene, its headlights went off, and the car's occupants were shouting "aqui, aqui." As the red car left after the shooting, the occupants yelled "por los East Side."[3] Although neither complainant nor his brother saw the faces of the car's occupants, complainant and his brother identified the automobile's occupants as Hispanic males belonging to the gang East Side Homeboys because of the occupants' shouts.[4]

A police officer had seen a car that matched this car's description earlier that day about two miles away from the shooting. The police returned to that location and

---

1. The Honorable James A. Baker, Justice, participated in this cause at the time it was submitted for decision. Due to the appointment of Justice Baker to the Texas Supreme Court on October 3, 1995, he did not participate in the issuance of this opinion. Justice Hankinson has reviewed the briefs and is familiar with the arguments of the parties.

2. The Honorable John G. Hill, Former Chief Justice, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

3. The actual quote appears as "Poro East Side."

4. Although the record refers to "East Side Home Boys," "East Side Gang," and "Home Boys," it is apparent that each reference is to the same gang. For clarity, we refer to the gang as "East Side Homeboys."

found a red, four-door, compact car that matched the complainant's description of the car involved in the shooting. Several Hispanic males and one female were standing outside the red car. As the police car approached, the people that were standing outside the car got in and attempted to leave. The police blocked their exit. When appellant exited the car, he ran away. The officers chased appellant.

Another police officer heard appellant's description being broadcast during the chase. He turned his patrol vehicle to "head-off" appellant. He stopped appellant, placed him in the patrol car, and returned him to the location of the red, four-door car. The officer turned on his interior dome light and left appellant in his squad car. The police began to question each of the car's occupants individually. Although all of the occupants claimed not to know why appellant ran, each was asked who was the "shooter." Each pointed in appellant's direction and said, "He's the one who did the shooting." None of the car's occupants testified at trial.

## CONSTITUTIONAL AND HEARSAY COMPLAINTS

In appellant's first point of error, he complains the admission of hearsay statements deprived him of his right to confront witnesses. Specifically, he contends statements the car's occupants made to the officer were hearsay and no exception to the hearsay rule permits their admission. Appellant then argues that unless statements "[are] admitted under a firmly rooted exception to the hearsay rule or otherwise [bear] sufficient indicia of reliability," the trial is fundamentally unfair because it violates his right to confront witnesses under the United States Constitution.

The State responds appellant's failure to object to the testimony as hearsay or denial of the right to confront witnesses waived any complaint of the statements' admissibility. It also contends that the statements were statements against interest and admissible

under rule 803(24) of the Texas Rules of Criminal Evidence.[5]

### 1. Applicable Law

■ Hearsay is inadmissible. TEX.R.CRIM. EVID. 802. However, most evidentiary and procedural rules are optional with each defendant. *Marin v. State*, 851 S.W.2d 275, 278 (Tex.Crim.App.1993). A trial court need only exclude hearsay on a party's request. *Id.* A party must make a timely and specific objection to hearsay to preserve a complaint for appellate review. TEX.R.APP. P. 52(a); *Butler v. State*, 872 S.W.2d 227, 237 (Tex. Crim.App.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim. App.1990).

■ Hearsay objections and objections to violations of the constitutional right to confront witnesses are neither synonymous nor necessarily coextensive. *Holland v. State*, 802 S.W.2d 696, 700 (Tex.Crim.App. 1991). The right to confront witnesses is a constitutional right. *Carroll v. State*, 916 S.W.2d 494, 496–97 (Tex.Crim.App.1996). A defendant waives his constitutional right to confront witnesses if he does not object at trial. *Holland*, 802 S.W.2d at 700.

### 2. Application of Law to Facts

■ Scott Sheppard, a Dallas Police patrol officer, testified that he spoke to each occupant of the vehicle, except appellant, individually. Each told Sheppard that appellant shot complainant.

Appellant did not object to this testimony. We conclude appellant has failed to preserve both the hearsay and the confrontation of witnesses issues for appellate review. We overrule appellant's first point of error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second point of error, appellant contends he did not receive effective assistance of counsel. Specifically, appellant complains his trial counsel failed to object to Sheppard's

---

**5.** This Court has previously held that for a statement against interest to be admissible, appellant himself must be the declarant. *Michael v. State*, 864 S.W.2d 104, 110 (Tex.App.—Dallas 1993, no pet.).

testimony that the car's occupants all said that appellant shot complainant. He argues these hearsay statements were the only evidence to connect him to the offense.

The State responds counsel was not ineffective because the evidence was admissible. The State also responds this was an isolated instance and the record as a whole shows appellant was afforded reasonably effective assistance of counsel.

### 1. Applicable Law

We examine ineffective assistance of counsel by the standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim. App.1986). To prevail on an ineffective assistance of counsel claim, appellant must first establish that his counsel's representation fell below an objective standard of reasonableness. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *Hernandez,* 726 S.W.2d at 55. Appellant must then show that a reasonable probability exists that a different outcome would have resulted but for his trial counsel's unprofessional errors. *Jackson,* 877 S.W.2d at 771; *Hernandez,* 726 S.W.2d at 55.

Appellant must prove ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985). The record must support a claim of ineffective assistance. *See Johnson v. State,* 691 S.W.2d 619, 627 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985).

We do not judge counsel's trial decisions in hindsight. *See Miniel v. State,* 831 S.W.2d 310, 323 (Tex.Crim.App.), *cert. denied,* 506 U.S. 885, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992) (stressing need to avoid "distorting effects of hindsight"). We strongly presume counsel's competence. *Id.;* *Jackson,* 877 S.W.2d at 771. Appellant can rebut this presumption by showing that his attorney's representation was unreasonable under prevailing professional norms and the challenged action was not sound trial strategy. *Jackson,* 877 S.W.2d at 771; *see Miniel,* 831 S.W.2d at 323. That another attorney might have pursued a different course of action does not necessarily indicate ineffective assistance. *See Hawkins v. State,* 660 S.W.2d 65, 75 (Tex.Crim.App.1983).

We do not inquire into trial strategy unless no possible basis exists in strategy or tactics for trial counsel's actions. *Johnson v. State,* 614 S.W.2d 148, 152 (Tex. Crim.App. [Panel Op.] 1981). When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude counsel's performance was deficient. *See Jackson,* 877 S.W.2d at 771–72. A silent record does not require an appellate court to speculate on the reasons for trial counsel's decisions. *Id.* at 771. Our speculation on the reasons for trial counsel's actions are "not material." *Id.* However, when a "cold record" clearly confirms no reasonable trial counsel could have made such trial decisions, to hold counsel ineffective is not speculation. *See, e.g., Vasquez v. State,* 830 S.W.2d 948, 950–51 (Tex.Crim.App.1992) (per curiam).

### 2. Application of Law to Facts

Trial counsel filed numerous pretrial motions, challenged two prospective jurors for cause, attacked the State's witnesses' credibility on cross-examination, and emphasized the lack of corroborating evidence and the witnesses' lack of credibility during jury argument. Further, trial counsel raised appropriate objections to the witnesses' testimony, the prosecutor's closing argument, and the trial court's including the law of parties in the jury charge.

The record is silent on counsel's trial strategy for not objecting to Sheppard's testimony about the car's occupants' statements. In the face of a cold record, we do not speculate on trial strategy unless no reasonable counsel could have made these same decisions. We cannot say that "no reasonable counsel" would not have objected to the hearsay statements.

The hearsay evidence was not the only evidence of appellant's guilt. Appellant was the only one who ran when the police stopped the red car in the parking lot. Ap-

pellant's flight is a circumstance from which the factfinder can infer guilt. *See Colella v. State*, 915 S.W.2d 834, 859 n. 7 (Tex.Crim. App.1995); *Foster v. State*, 779 S.W.2d 845, 859 (Tex.Crim.App.1989), *cert. denied*, 494 U.S. 1039, 110 S.Ct. 1505, 108 L.Ed.2d 639 (1990). When stopped by Sheppard, appellant gave a false name and lowered his age to make the officer think he was a juvenile.

The red car's occupants yelled "por los East Side" as they left the scene after the shooting. This would indicate that the shooting was done in the name of the East Side Homeboys. Appellant freely admitted he was a member of the East Side Home Boys. Both complainant and his brother denied being members of the Northeast Side Gang, a rival gang. However, they admitted that they were "associated" with the Northeast Side Gang. There had been previous "problems" between complainant, complainant's brother, and the East Side Home Boys. Members of the East Side Home Boys who did not attend complainant's school would come to complainant's school and attempt to fight with the complainant. Appellant had been expelled from school for fighting with complainant's brother.

We conclude appellant has failed to meet his burden of showing that a reasonable probability exists that a different outcome would have resulted but for his trial counsel's actions. Thus, he has not proven his ineffective assistance of counsel claim by a preponderance of the evidence. We overrule appellant's second point of error.

We affirm the trial court's judgment.

HILL, Justice (Assigned), dissenting.

I respectfully dissent because counsel's action in allowing the State to offer the only testimony about Tapia being the shooter through hearsay statements of individuals who, if called to testify, would not have testified in that way, constituted deficient performance that prejudiced Tapia's defense.

The majority mentions other evidence of Tapia's guilt, including that he was the only occupant of the vehicle who ran when the police stopped the car, that he gave a false name and lowered his age, and that he was a member of the gang that apparently did the shooting. I believe that there is a question as to whether this evidence would have been sufficient to support a conviction. However, even if this evidence were sufficient to support a conviction, it pales when compared to the testimony that every other occupant of the car indicated that Tapia was the shooter.

The majority states that it cannot say that "no reasonable counsel" would not have objected to this testimony. It fails to say what conceivable trial strategy could have been at work in failing to make an objection to keep out the only testimony directly establishing Tapia's guilt. As the majority acknowledges, the record need not reflect trial counsel's strategy when the record clearly confirms that no reasonable trial counsel could have made such trial decisions, referring to the Court of Criminal Appeals decision in *Vasquez v. State*, 830 S.W.2d 948, 950–51 (Tex. Crim.App.1992) (per curiam). I conclude that the record clearly confirms that no reasonable trial counsel could have made a decision not to exclude the most damning evidence that the State had. I would therefore find that trial counsel was ineffective.

I would hold that there was a reasonable probability that the outcome would have been different but for the error of counsel in failing to object to the only evidence directly implicating Tapia as the shooter. I would sustain point of error number two, reverse this conviction, and remand for trial.