Opinion Issued November 23, 2005













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00601-CR




GILBERT GARCIA CAMPOS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 982428




O P I N I O N

          A jury convicted appellant, Gilbert Garcia Campos, of robbery and assessed
punishment at 47 years’ confinement. Appellant pled true to the enhancement
paragraphs in the indictment. In four points of error, appellant contends the trial
court improperly admitted four out-of-court statements into evidence as excited
utterances, which he claims violated both (1) the Confrontation Clause of the Sixth
Amendment to the United States Constitution and (2) the Texas Rules of Evidence. 
We affirm. 
BACKGROUND
          On July 14, 2003, appellant bound, gagged, and robbed the complainant at an
apartment complex in Harris County, Texas.


 Approximately 30 minutes after
appellant left the apartment, the complainant freed herself and walked to the
apartment of her neighbor, Paul Carrizales, to ask for help. At this time, the
complainant was still partially bound and visibly upset. While at Carrizales’s
apartment, the complainant described the attack to Carrizales and called 911. 
Approximately 13 minutes after the complainant entered Carrizales’s apartment, or
five minutes after the complainant called 911, Houston Police Officers Pool and
Barringer responded to the call and questioned the complainant. The officers found
and arrested appellant later that evening.
          At trial, the complainant did not testify.


 The State first called Carrizales, who
testified as to the authenticity of the 911 tape. Appellant objected to the admission
of the 911 tape on the grounds that it was hearsay and that it violated the Sixth
Amendment’s Confrontation Clause. The trial judge admitted the 911 tape as an
excited utterance and ruled that it did not violate the Sixth Amendment. Both the
complainant’s and Carrizales’s voices are recorded on the 911 tape. During the first
few seconds of the call, the complainant says, “Hello?...Yes, ma’am. I...I...can you
help me? [Inaudible]. He can talk to you, cause I’m nervous.” After that, Carrizales
began speaking with the 911 operator and answering her questions. 
          Carrizales also testified as to the complainant’s statements made to him
detailing the attack. Appellant objected only on hearsay grounds to Carrizales’s
testimony. The trial court also overruled this objection. The State then called
Officers Barringer and Pool, whose testimony related the complainant’s responses to
their questions regarding the attack. Appellant objected to the testimony of both
officers on hearsay grounds only, and the trial court overruled those hearsay
objections, holding that the statements made by the complainant to the officers were
admissible as excited utterances. See TEX. R. EVID. 803(2). We address each
admitted statement under the Confrontation Clause challenge first and the hearsay
challenge second.
CONFRONTATION CLAUSE
          In appellant’s four points of error, he contends that the out-of-court statements
admitted by the trial court violate his Sixth Amendment right to confront the
witnesses against him. In deciding the constitutional issue of whether the admission
of a statement of another violates a defendant’s Sixth Amendment confrontation right,
appellate courts review the trial court’s ruling de novo. See Lilly v. Virginia, 527 U.S.
116, 137, 119 S. Ct. 1887, 1900 (1999) (stating that courts should “independently
review” whether out-of-court statements violate the Confrontation Clause); Muttoni
v. State, 25 S.W.3d 300, 304 (Tex. App.—Austin 2000, no pet.).
          The Confrontation Clause of the Sixth Amendment to the United States
Constitution states “[i]n all criminal prosecutions, the accused shall enjoy the
right .  .  .  to be confronted with the witnesses against him.” U.S. Const. amend. VI.
This right applies to state as well as federal criminal prosecutions. Pointer v. Texas,
380 U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965). The Supreme Court recently
interpreted the Confrontation Clause to “demand” that out-of-court testimonial
statements by witnesses are barred unless (1) the witnesses are unavailable to testify
and (2) defendants had a prior opportunity to cross examine the witnesses regardless
of whether such statements are deemed reliable by the court. Crawford v.
Washington, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004). The Supreme Court in
Crawford declined to give a comprehensive definition of testimonial hearsay;
however, the court did state that the term applies “at a minimum to prior testimony
at a preliminary hearing, before a grand jury, or at a former trial; and [responses] to
police interrogations.” Id. When the Court in Crawford discussed the applicability
of the Confrontation Clause to police interrogations, it expressly stated that it was
using the term “interrogation” in the colloquial sense rather than the legal sense. Id.
541 U.S. at 53 n.4, 124 S. Ct. at 1365 n.4. 
  The 911 Tape
          In his first point of error, appellant contends that the admission of the 911 tape
into evidence violates the Confrontation Clause under the Sixth Amendment to the
United States Constitution. Specifically, appellant complains of two sets of
statements on the tape: those made by the complainant to the operator and those made
by the complainant to Carrizales, which he later recounted to the operator. Under the
two-part Crawford test, because the complainant was not available to testify, and
because appellant did not have a prior opportunity to cross-examine her, the
controlling issue we decide is whether the statements made by the complainant and
Carrizales on the 911 tape were testimonial.
          We first address those statements made by the complainant to the 911 operator. 
On the 911 tape, the complainant can be heard saying, “Hello?...Yes, ma’am.
I...I...can you help me? [Inaudible]. He can talk to you, cause I’m nervous.” 
Crawford states there are a “core class of ‘testimonial’ statements”: (1) ex parte in-court testimony, (2) affidavits, (3) depositions, (4) confessions, (5) custodial
examinations, and (6) statements made under circumstances that would lead an
objective witness reasonably to believe that the statement would be available for use
at a later trial. Id. 541 U.S. at 51-52, 124 S. Ct. at 1364. Apart from the two
questions the complainant makes, her only statement was that she was nervous. 
Under any reading of Crawford, the complainant’s statements simply cannot be
considered testimonial. We find that the trial court did not err in admitting this part
of the 911 tape.
          Next, we must address those statements made by Carrizales in response to the
911 operator’s questioning. The majority of Carrizales’s statements were responses
to questions as to what had occurred, whether the complainant required medical
attention, and how the police could reach the complainant. Appellant complains
specifically about those statements made by complainant to Carrizales, which he later
recounted to the 911 operator. Thus, we must address the Crawford challenge at two
levels: (1) the statements made by complainant to Carrizales and (2) Carrizales
recounting of that information to the operator. 
          We first address those statements made by complainant to Carrizales. 
Testimonial statements include those “that were made under circumstances which
would lead an objective witness reasonably to believe that the statement would be
available for use at a later trial.” Id. 541 U.S. at 52, 124 S. Ct. at 1364. The
complainant sought the assistance of Carrizales, a helping neighbor, in the middle of
the night. We cannot conclude that when complainant knocked on Carrizales’s door
at 3:00 a.m. in a frantic state and relayed any information to him, that she reasonably
expected her statements to be used at a later trial. We hold that the statements of the
complainant to Carrizales were not testimonial; thus, Crawford does not apply. 
          Next, we must address Carrizales’s recounting of the events of that night to the
911 operator. Crawford bars the admission of out-of-court testimonial statements
unless (1) the witnesses are unavailable to testify and (2) defendants had a prior
opportunity to cross-examine the witnesses, regardless of whether such statements are
deemed reliable by the court. Id. 541 U.S. at 68, 124 S. Ct. at 1374. Regardless of
whether his statements were testimonial, Carrizales was available to testify at trial;
thus, Crawford’s bar does not apply to any statements that Carrizales made to the 911
operator recounting the events of that night. Accordingly, the trial court did not err
in admitting this portion of the 911 tape. 
Carrizales’s Testimony
          In his second point of error, appellant contends that the admission of
Carrizales’s testimony violates the Confrontation Clause under the Sixth Amendment
to the United States Constitution because it allowed the complainant’s out-of-court
statements to be admitted without appellant having an opportunity to confront her in
court. However, because appellant objected only to Carrizales’s testimony on hearsay
grounds, and not constitutional grounds, he did not preserve this argument on appeal. 
Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004); see Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990); see Thacker v. State, 999 S.W.2d 56,
60–61 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d). 
          Hearsay objections and objections to violations of the Confrontation Clause are
neither synonymous, nor necessarily coextensive. Holland v. State, 802 S.W.2d 696,
700 (Tex. Crim. App. 1991); Thacker, 999 S.W.2d at 61; Tapia v. State, 933 S.W.2d
631, 633 (Tex. App.—Dallas 1996, writ ref’d). The right of confrontation is vital to
an ordered criminal justice system, but it is nonetheless a trial right, and a defendant
waives his right to confront witnesses if he does not object at trial. Briggs, 789
S.W.2d at 924; Thacker, 999 S.W.2d at 61; Saldivar v. State, 980 S.W.2d 475, 496
(Tex. App.—Houston [14th Dist.] 1998, pet. ref’d); see Mallory v. State, 752 S.W.2d
566, 569 (Tex. Crim. App. 1988). Because appellant did not object to Carrizales’s
testimony on Sixth Amendment grounds at trial, he waived review of that claim on
appeal.
Officer Barringer’s and Officer Pool’s testimony
          In his third and fourth points of error, appellant claims that the admission of
Officer Barringer’s and Officer Pool’s testimony into evidence violated the
Confrontation Clause under the Sixth Amendment to the United States Constitution. 
Because appellant objected only to Barringer’s and Pool’s testimony on hearsay
grounds and not Sixth Amendment grounds, he has waived his Sixth Amendment
challenge on appeal. See Briggs, 789 S.W.2d at 924; see Thacker, 999 S.W.2d at 61;
see Saldivar, 980 S.W.2d at 496.
          Accordingly, we overrule appellant’s confrontation clause challenges to the
four out-of-court statements.
EXCITED UTTERANCE
          Appellant next asserts that the trial court violated the Texas Rules of Evidence
in admitting the four out-of-court statements because they constitute inadmissible
hearsay. The State responds by arguing that these statements are admissible under
the excited utterance exception to the hearsay exclusion. See TEX. R. EVID. 803(2). 
          The admissibility of out-of-court statements allowed under a hearsay exception
is delegated to the trial court’s discretion, and the trial court’s decision to admit such
statements should be reversed only upon a showing of a clear abuse of discretion. 
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); Lawton v. State, 913
S.W.2d 542, 553-54 (Tex. Crim. App. 1995); Coffin v. State, 885 S.W.2d 140, 149
(Tex. Crim. App. 1994). An abuse of discretion occurs “when the trial judge’s
decision was so clearly wrong as to lie outside that zone within which reasonable
persons might disagree.” Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App.
1992).
          Statements that qualify as hearsay are inadmissible at trial unless an applicable
exclusion applies. Tex. R. Evid. 802. An excited utterance is one such exclusion,
defined as a “statement relating to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or condition.” TEX.
R. EVID. 803(2); Salazar v. State, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001). In
determining whether a hearsay statement is admissible as an excited utterance, the
court may look at the time that elapsed between the event and the statement, as well
as whether the statement was in response to a question; however, neither of those two
factors is dispositive. See Lawton, 913 S.W.2d at 553; Penry v. State, 903 S.W.2d
715, 750-51 (Tex. Crim. App. 1995). The critical factor in determining whether a
statement is an excited utterance is whether the declarant was still dominated by the
emotions, fear, excitement, or pain of the event at the time of the statement. Zuliani,
97 S.W.3d at 596.
911 Tape
          In addition to the confrontation clause challenge, appellant contends that, even
if the admission of the tape did not violate the Sixth Amendment, it is inadmissible
under the Texas Rules of Evidence because it does not constitute an excited utterance. 
See TEX. R. EVID. 803(2). We disagree. 
          The admission of out-of-court statements is reviewed for abuse of discretion,
and the trial court’s decision will not be reversed unless it falls outside the zone of
reasonable disagreement. Zuliani, 97 S.W.3d at 595; Cantu, 842 S.W.2d at 682. The
critical factor in determining whether a statement is an excited utterance is whether
the declarant was dominated by the emotions of the event at the time of the statement. 
Zuliani, 97 S.W.3d at 596.
          Here, the tape establishes that the complainant was upset and nervous when she
spoke with the operator. Given the complainant’s shaken and excited demeanor,
reasonable people could disagree about whether the complainant was still dominated
by the emotions of her attack when she made the statements on the tape. See id. at
595-96; see Cantu, 842 S.W.2d at 682. Therefore, we hold that the trial court did not
abuse its discretion by admitting the 911 tape into evidence as an excited utterance. 
See TEX. R. EVID. 803(2).
Carrizales’s Testimony
          In his second point of error, appellant contends that the admission of
Carrizales’s testimony of complainant’s statements as an excited utterance violated
the Texas Rules of Evidence. Under the applicable abuse-of-discretion standard, the
trial court’s decision will not be reversed unless it falls outside the zone about which
reasonable people might disagree. Zuliani, 97 S.W.3d at 595; Cantu, 842 S.W.2d at
682. In this instance, Carrizales testified that, when the complainant came to his
apartment, she was crying and still partially bound by the wire used by her attacker,
and seemed “pretty upset.” Approximately 30 minutes had passed between the time
the complainant’s attacker left her apartment and the time that she made her
statements to Carrizales; time lapse is only one factor in determining whether a
statement constitutes an excited utterance. Salazar, 38 S.W.3d at 154. The primary
consideration is whether the complainant was still dominated by the emotions of the
event. Zuliani, 97 S.W.3d at 596. Here, considering the complainant’s shaken and
excited demeanor when she spoke with Carrizales, reasonable people could conclude
that the complainant was dominated by the emotions of the event when speaking with
Carrizales. See id. at 595-96; see Cantu, 842 S.W.2d at 682. Therefore, we hold that
the trial court did not abuse its discretion by admitting into evidence Carrizales’s
testimony regarding complainant’s excited utterance. See TEX. R. EVID. 803(2).
Officer Barringer’s and Officer Pool’s testimony
          In his third and fourth points of error, appellant claims that the admission of
Officer Barringer’s and Officer Pool’s testimony into evidence violated the Texas
Rules of Evidence. Specifically, appellant contends that Barringer’s and Pool’s
testimony depicting the complainant’s response to the officers’ questioning about the
event was inadmissible hearsay because it did not constitute an excited utterance.
          For the same reasons that the complainant’s statements to Carrizales qualified
as excited utterances, the complainant’s statements to Officers Pool and Barringer
similarly qualify as excited utterances. Although 13 minutes had lapsed between the
officers’ conversations with the complainant compared to Carrizales’s conversation
with the complainant, this time lapse is only one factor in determining whether the
complainant was still dominated by the fear of the event. See Lawton, 913 S.W.2d
at 553. In addition to the time factor, the trial court should have considered that these
statements to the officers were made in response to questioning. Id. However,
neither of these factors is conclusive. Id. The officers’ testimony that the
complainant was crying, upset, and frightened when speaking with the officers
suggest the complainant was still dominated by the emotions of the event. See
Zuliani, 97 S.W.3d at 595-96. Therefore, we hold that the trial court did not abuse
its discretion by admitting the officers’ testimony into evidence regarding the
complainant’s excited utterance. See TEX. R. EVID. 803(2).
          Accordingly, we overrule appellant’s hearsay challenges to the four out-of-court statements.
CONCLUSION
          We affirm the judgment of the trial court.
 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Publish. Tex. R. App. P. 47.2(b).