IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00047-CV

 

Copperas Cove Independent 

School District,

                                                                                    Appellant

 v.

 

Tammy R. Brown,

                                                                                    Appellee

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. COT-08-38463

 



MEMORANDUM Opinion










 

            Copperas Cove Independent School District appeals the trial court’s order denying the District’s plea to the
jurisdiction.  See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (a)(8) (Vernon 2008).  The
District’s sole issue on appeal is whether the legislature has clearly and
unambiguously waived a school district’s immunity from suit under Chapter 21 of
the Texas Labor Code.  Because the trial court did not err in denying the plea
to the jurisdiction, we affirm the trial court’s order.

            Tammy R. Brown sued the District for
sexual harassment under Chapter 21 of the Texas Labor Code, otherwise known as
the Texas Commission on Human Rights Act.  Tex.
Labor Code Ann. § 21.001, et seq. (Vernon 2006 & Supp 2009).  The
District filed a plea to the jurisdiction claiming, as it does on appeal, that
school districts are not employers as defined by Chapter 21 and therefore,
immunity is not waived.  See id § 21.002(8) (Vernon Supp. 2009). 
The District makes a very interesting and intellectually stimulating argument,
and if we were writing on a clean slate, we would be inclined to pursue that
argument.  However, the Texas Supreme Court has already spoken on the subject
and has held that immunity is waived as to a school district under Chapter 21. 
 Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 660
(Tex. 2008).  Granted, there is not much discussion about how the Supreme Court
reached that decision; but it is a decision nonetheless, and we must abide by
that decision.  See Lubbock County v. Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002).  Because the Texas Supreme Court
has held that a school district’s immunity is waived under Chapter 21 of the
Texas Labor Code, we hold the trial court did not err in denying the District’s
plea to the jurisdiction.  The District’s sole error is overruled.

            Accordingly, the trial court’s order
is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed December 30, 2009

[CV06]






d B.A.’s penis as B.A. was about to shower after
helping Crane work on a baseball field.
      In his sole point of error, Crane claims that the trial court erred when it moved him from his
seat at the counsel table before B.A. testified for the State. Crane contends that this resulted in 
error because it constituted a nonverbal comment on the weight of the evidence, violated Crane's
right to confront the witness, and rendered his assistance of counsel ineffective. Article 38.05 of
the Code of Criminal Procedure provides:
 In ruling upon the admissibility of evidence, the judge shall not discuss or comment
upon the weight of the same or its bearing in the case, but shall simply decide whether
or not it is admissible; nor shall he, at any stage of the proceeding previous to the return
of the verdict, make any remark calculated to convey to the jury his opinion of the case.
Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). In order to be error requiring reversal,
comments from the bench must be reasonably calculated to benefit the State or prejudice a
defendant's rights. Green v. State, 881 S.W.2d 27, 29 (Tex. App.—San Antonio 1994, no pet.)
(citing Marks v. State, 617 S.W.2d 250, 252 (Tex. Crim. App. [Panel Op.] 1981)).
      In Marks, the trial judge called a five minute recess and said, in front of the jury, that he
wanted to talk to a young witness who was changing his story. Marks, 617 S.W.2d at 252. The
Court of Criminal Appeals noted that the trial judge did not make any comment during the ruling
on the admissibility of evidence. Id. Although the Court acknowledged that the better practice
would have been for the trial judge to remove the jury before telling the witness that he wanted
to speak with him, it did not find a violation of Article 38.05. Id. Presently, Crane relies upon
the trial judge moving him to a different seat before B.A. testified as being a comment on the
weight of the evidence. Similar to Marks, the trial judge did not make any verbal comment during
the ruling on the admissibility of evidence. However, unlike Marks, the trial judge in this case
could not have lessened any misconception of the jury. Outside the presence of the jury, the judge
questioned B.A. to decide if it was necessary to move Crane away from the witness stand. After
it became apparent that B.A. was apprehensive about testifying with Crane sitting so near him,
the judge told Crane to sit in the first row of seats in the courtroom. Also, the judge offered to
make an instruction to the jury about why Crane had switched seats, but Crane's counsel refused
this offer. There is sufficient evidence that the judge made Crane sit away from the counsel table
for B.A.'s benefit, rather than to benefit the State or prejudice Crane. Green, 881 S.W.2d at 29. 
Thus, the trial judge did not make a comment on the weight of the evidence by requiring Crane
to switch seats before B.A. testified.
      Next, Crane contends that his removal from his position at the counsel table amounted to a
denial of his right to confrontation. Under the Sixth Amendment to the Federal Constitution and
Article One, Section Ten of the State Constitution, an accused has the right to confront an adverse
witness. Bingham v. State, 915 S.W.2d 9, 14 (Tex. Crim. App. 1994) (Maloney, J., concurring). 
The confrontation clause is primarily concerned with ensuring the reliability of the evidence
against a criminal defendant by subjecting it to rigorous testing in the context of an adversary
proceeding before the trier of fact. Maryland v. Craig, 497 U.S. 836, 845, 110 S. Ct. 3157,
3163, 111 L. Ed. 2d 666 (1990). It requires: (1) a personal examination of the witness in the
presence of the accused; (2) that the witness testify under oath; (3) that the witness be subject to
cross-examination; and (4) that the jury observe the demeanor of the witness. Craig, 497 U.S.
at 845-46, 110 S. Ct. at 3163. The opportunity to cross-examine the witnesses against the accused
has been held to be the essential policy underlying the right to confrontation. Harris v. State, 642
S.W.2d 471, 476 (Tex. Crim. App. 1982); Rodriguez v. State, 926 S.W.2d 379, 380 (Tex.
App.—San Antonio 1996, no pet.); Duncan v. State, 899 S.W.2d 279, 280 (Tex. App.—Houston
[14th Dist.] 1995, pet. ref'd).
      Although the trial judge moved Crane from his seat at the counsel table to the front row of
the courtroom, he remained in the courtroom when B.A. testified under oath so that a face-to-face
encounter occurred. In fact, the judge noted that Crane was to sit in a location where he could
maintain "physical eye contact" with B.A. during the testimony. Also, Crane's defense counsel
freely and fully cross-examined B.A. during which time the judge and jury observed the witness’
demeanor. Considering these factors, we conclude that Crane's right of confrontation was not
violated.
      Finally, Crane alleges he was denied effective assistance of counsel by requiring him to sit
away from the counsel table because he was not able to communicate with his attorney during
B.A.'s direct- and cross-examination. The judge instructed Crane's attorney that she could break
anytime during B.A.'s testimony to confer with her client. Such a consultation break was never
requested. Nevertheless, Crane now contends that requesting such a break would have drawn
more negative attention to his move.
      To prevail on an ineffective assistance of counsel claim, the defendant must first establish that
his counsel's representation fell below an objective standard of reasonableness. Tapia v. State,
933 S.W.2d 631, 634 (Tex. App.—Dallas 1996, pet. ref'd). The defendant must then show that
a reasonable probability exists that a different outcome would have resulted but for trial counsel's
unprofessional errors. Id. The convicted defendant carries the burden of proving an ineffective
assistance of counsel claim by a preponderance of the evidence. Id. The defendant must
overcome a strong presumption of counsel's competence. Id. Moreover, we do not judge
counsel’s trial decisions in hindsight. Id. Crane has not proven that any of his trial counsel's
actions amounted to ineffective assistance which would have resulted, with a reasonable
probability, in a different outcome. Therefore, we overrule Crane's sole point because the trial
judge did not comment on the weight of the evidence and he was not deprived of the rights of
confrontation and effective assistance of counsel.
      We affirm the judgment.
 
 
                                                                                 REX D. DAVIS
                                                                                 Chief Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 2, 1997.
Do not publish