# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00385-CR

**Karl Lee Wiggins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 72941, HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Karl Lee Wiggins pleaded guilty to felony murder, and the trial court assessed sentence of life in prison. On appeal, Wiggins argues that his trial counsel provided ineffective assistance because they failed to offer testimony by a forensic scientist that, during the ballistics test on the gun Wiggins used in the offense, the quarter-cock safety malfunctioned. We will affirm the judgment.

## BACKGROUND

According to unchallenged testimony, Wiggins lived with his sister and her common-law husband, Edward Charles Hermann. Wiggins and Hermann drank and argued, and Wiggins went and got a loaded pistol. He waved the gun around repeatedly until Hermann got up and said, "Whatever, Lee. Whatever you want to do, Lee, I'm not afraid to die." Hermann put his head down to the gun, Wiggins fired, and Hermann died. Wiggins then told his sister that he did not mean to shoot Hermann.

Wiggins was charged with murder. During trial preparations, the parties discussed a variety of plea options before settling on felony murder with the State agreeing not to pursue enhancements that would have raised the minimum sentence. In pleading guilty, Wiggins admitted that he did "commit or attempt to commit a felony, to wit, aggravated assault; and in the course of and in furtherance of the commission or attempted commission of aggravated assault [he] committed or attempted to commit an act clearly dangerous to human life, to wit, waiving, pointing, and threatening with a loaded firearm that caused the death of an individual, to wit, Edward Charles Hermann."

## DISCUSSION

By his sole issue on appeal, Wiggins reiterated his claim from his motion for new trial that his trial counsel rendered ineffective assistance by not presenting a DPS expert's testimony that the pistol's safety malfunctioned during ballistics testing. He contends that this evidence would have countered the State's evidence from a gun shop owner that the pistol's trigger required a very heavy pull.

An ineffective assistance of counsel claim is subject to the *Strickland* standard, requiring a defendant to prove by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Ineffective-assistance claims turn on the facts and circumstances of each particular case, *Johnson v. State*, 691 S.W.2d 619, 626 (Tex. Crim. App. 1984), and must be firmly founded in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). An accused is not entitled to entirely errorless representation, and

2

we look to the totality of the representation in gauging the adequacy of counsel's performance. *Frangias v. State*, 392 S.W.3d 642, 653 (Tex. Crim. App. 2013). But even a single instance of counsel's error can rise to the level of deficient performance, "if the error was egregious and had a seriously deleterious impact on the balance of the representation." *Id*.

In applying the first prong of the *Strickland* standard, we must determine whether the defendant proved by a preponderance of the evidence that there is no plausible, professional reason for a specific act or omission. *Bone*, 77 S.W.3d at 836. We indulge a strong presumption that counsel's action fell within the wide range of reasonable and professional assistance. *Salinas*, 163 S.W.3d at 740. However, appellant may rebut that presumption by showing that his counsel's representation was unreasonable under prevailing professional norms and the challenged action was not sound trial strategy. *Tapia v. State*, 933 S.W.2d 631, 634 (Tex. App.—Dallas 1996, pet. ref'd). Further, "when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for [his actions]." *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

Wiggins's counsel's representation did not fall below the level of reasonable and professional assistance. Though Wiggins claimed that his lawyer visited him only twice,[1] the attorney testified to having at least seven meetings. His attorneys obtained discovery, negotiated a plea, and called witnesses at the punishment hearing. Evidence about the malfunctioning safety was perhaps relevant to intent—an issue that was resolved with the plea of guilty. While such

---

[1] Wiggins also testified that he did not remember pleading guilty, but the record plainly shows that he did and expressed that he understood what he was doing, including pleading guilty and leaving the punishment entirely up to the Court.

evidence might have countered the State's expert's testimony that the trigger required a "heavy pull," that evidence by the State was not particularly critical at the punishment phase and Wiggins's attorneys may have chosen not to draw more attention to it. Wiggins's attorneys also may have been persuaded that the evidence was not useful because there was no evidence that the pistol fired half-cocked. One of Wiggins's attorneys testified that he considered using the ballistics report to support a not-guilty plea and a manslaughter instruction, but that the attorneys and Wiggins concluded that the plea to unenhanced felony murder was a better strategy than risking trial. There was no dispute that Wiggins waved a loaded gun around and then shot Hermann, killing him. If the choice not to introduce the evidence was a mistake, however, we conclude that it did not render the entire representation ineffective.

Even if his counsel were ineffective at the punishment phase, we conclude that appellant has not shown the required prejudice from that ineffectiveness. In applying the second prong of the *Strickland* standard, we must determine whether there is a reasonable probability, sufficient to undermine confidence in the outcome, that but for counsel's deficiency, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The same trial judge who held the punishment hearing and assessed the punishment heard the testimony and argument on the motion for new trial. That judge knew what factors went into his sentencing decision, heard what evidence Wiggins believed should have been introduced to mitigate his punishment, and denied the motion for new trial. This a powerful indication that counsel's decision not to introduce the evidence did not affect the punishment that the trial court assessed. *See Smith v. State*, 286 S.W.3d 333, 344-45 (Tex. Crim. App. 2009). We overrule Wiggins's sole issue on appeal.

4

**CONCLUSION**

We affirm the judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed:   June 30, 2016

Do Not Publish