BOB CARUTH v. THE STATE.

No. 3594. Decided June 9, 1915.

**1.—Keeping Gaming House—Social Club—Conduct and Remarks by Judge.**

Where, upon trial of keeping a gaming house, the evidence showed that it was a negro social club, and one of defendant's witnesses denied that gaming was carried on at the club room, whereupon, the court examined the witness, who insisted upon said denial, when the court, in the presence of the jury, ordered the sheriff to take the witness and lock him up in jail until an indictment for perjury could be filed against him, the same was reversible error.

**2.—Same—Bill of Exceptions—Bystander's Bill.**

Where, upon trial of keeping a gaming house, defendant pleaded not guilty and also filed a written application for a suspended sentence and appellant by his bystander's bill showed that the court had ordered defendant's witness to jail during the trial in the presence of the jury because the witness had testified ·that no gambling had taken place, this was an expression by the court on the weight of the testimony, and was reversible error, the jury having also disregarded the plea for a suspended sentence. Following Taylor v. State, 38 Texas Crim. Rep., 241, and other cases.

**3.—Same—Suspended Sentence—Other Offenses.**

Where defendant was upon trial for keeping a gaming house and pleaded not guilty and also filed a written plea for a suspended sentence in the event of a conviction, it was reversible error to admit testimony of transactions in connection with the offense on trial, and the reputation and standing of defendant could only be affected by other prior transactions than that for which

he was being tried, on his plea of suspended sentence. Following Fossett v. State, 55 S. W. Rep., 497.

Appeal from the District Court of Wichita. Tried below before the Hon. J. W. Akin.

Appeal from a conviction of keeping a gaming house; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. R. Boone,* for appellant.—On question of conduct of trial judge: Drake v. State, 68 Texas Crim. Rep., 440, 143 S. W. Rep., 1157; McMahan v. State, 61 Texas Crim. Rep., 489; Deary v. State, 62 id., 352; Johnson v. State, 75 Texas Crim. Rep., 562, 171 S. W. Rep., 1128, and cases cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with keeping a gaming house, or permitting gaming in a house under his control.

The evidence shows it was a negro social club. Some of the evidence shows that gaming was carried on in the house such as exhibiting a monte bank, playing craps or shooting dice. The State put a witness on the stand who was a member of the club. He denied that gaming was carried on at the club rooms. A bill of exceptions recites that after the witness had so testified the court took him in hand and examined him. This witness was a member of the organization, and was at the club much of his time, but saw no gambling. Upon cross-examination he testified to the same effect, whereupon the court took the witness in hand, when the following occurred:

"The Court: Q. Do you say that there was no gambling with dice going on in that pool room? A. None that I saw. Q. Were you there? A. Most of the time. Q. Were there any monte games going on on these small tables? A. I never seen anything of the kind. Q. Was there any going on there? A. None that I seen. Q. Would you have seen it if there had been? A. Yes, sir."

When the witness answered the court, as above stated, the court wheeled around in his chair, and immediately said to the sheriff, "Mr. Sheriff, take this witness and lock him up in jail until a perjury indictment can be filed against him." The sheriff took charge of the witness, led him off the witness stand and out of the courtroom. Said acts all took place in the presence of the jury. Various and sundry exceptions were taken to this action of the court, which we deem unnecessary to repeat. The court filed a bill substantially as above stated, and added the qualification "that at no time during the trial of the case was the guilt of the defendant contested, the defendant's object being purely to obtain a suspended sentence, and defendant's counsel stated to the jury that they should return a verdict of guilty, but recommended a suspension of the sentence, so that the act of the court could

not have been prejudicial to the rights of defendant." Appellant declined to accept this bill of exceptions as qualified and prepared one approved by bystanders, which is properly verified and in the record. This bill made by bystanders was not in any way contested. These bystanders verify the statement that this all occurred in the presence of the jury and as stated in the bill of exceptions reserved and prepared by appellant. Appellant entered a plea of not guilty and was contesting the State's case, and also filed a suspended sentence motion. The court, in his written charge, instructed the jury to disregard the remarks he had made. The court does not qualify in any manner whatever the statement that these matters occurred, as stated by appellant, in his bill of exceptions. The qualification was in the nature of minimizing the error by stating that appellant's attorney was not contesting his guilt, but was making a plea for suspended sentence. Appellant had plead not guilty. He had not entered a plea of guilty. This he alone could do. His attorneys could not do this for him. Not only so, but the statute requires if he pleads guilty he must be warned of the consequences of his act, and not only so, but testimony must be introduced in order that the jury might arrive at a correct conclusion even under the plea of guilty. The witness who was sent to jail to await an indictment for perjury at the suggestion of the court was testifying to facts that showed appellant innocent. Some of the State's witnesses had sworn to circumstances and facts which would sustain the indictment. This witness controverted those facts, and if his testimony was true, or believed by the jury to be true, appellant would not have been guilty. In other words, if the jury believed this witness' testimony they would have returned a verdict of not guilty. The statute provides the jury are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony. Another statute provides that the court shall rule without expressing his conclusion or belief about the testimony. These two statutes are in conformity with and aid each other. One confers exclusive right upon the jury to weigh the testimony and pass on the credibility of the witnesses, and the other prevents the judge from so doing. When this witness testified that no gambling had been carried on, the court immediately ordered him to jail; had him taken from the witness stand, before the jury, and carried to jail, with the command to hold him until he could be charged with perjury. If this is not an expression on the weight of the testimony of this witness in open court, it would be difficult to conceive what would be such expression on the part of the court. The jury failed not only to acquit the defendant but ignored his plea for a suspended sentence. Appellant had never been previously convicted of any offense; he had been a hard-working, industrious negro, and so far as the record is concerned he was a negro of good character and standing. The authorities are very numerous condemning the conduct of the court. Some of the cases will be cited: Taylor v. State, 38 Texas Crim. Rep., 241, particularly page 244; Snodgrass v. State, 36 Texas Crim. Rep., 207; McMahan v. State, 61 Texas Crim. Rep.,

489, see particularly page 495; Zysman v. State, 42 Texas Crim. Rep., 432; Deary v. State, 62 Texas Crim. Rep., 352; Scott v. State, 69 Texas Crim. Rep., 615-616, 160 S. W. Rep., 960. In the latter case quite a number of authorities are cited. Simmons v. State, 55 Texas Crim. Rep., 441. For collation of authorities, see McMahan v. State, 61 Texas Crim. Rep., 489, at page 495.

Another bill of exceptions recites that appellant was arrested for carrying on a gambling house, or being interested in it, and was in jail for a week or such matter. Shortly after getting out of jail he was found in this club again, and the witness, a deputy sheriff, testified that he saw no gambling but things were going on in this club hall about the same way, and that he found somewhere about the house gambling paraphernalia. Appellant was not shown to be gambling at the time, nor was any gambling shown to have been going on. Objection was urged to this testimony for various reasons, which we think should have been sustained. This was admitted, it seems, from the court's ideas, as bearing upon his suspended sentence plea. He was not shown to be engaged at the time in any violation of the law, or that any violation of the law was going on in the club house. As we understand, the reputation or standing of an accused who requests suspended sentence at the hands of the jury, is affected only by other transactions than that with which he stands charged. This whole matter about which this investigation was made and about which this testimony was introduced was the same club. The matter occurred subsequent to the time of his arrest. Such testimony, even if it was an independent matter and not connected with the original transaction, would hardly be such as the law contemplated, unless there was something derogatory to his standing as a citizen from the viewpoint of criminality. It would hardly be regarded as reflecting upon him because of the mere fact that he belonged to a club in which intoxicants were dispensed to its members in their own room. The evidence would have to go further and show, even if it was an independent transaction, that he was violating some law or doing something that reflected upon his character and standing which would authorize or justify the jury in finding against him on his suspended sentence plea or that the house had been used as a gambling house since appellant's arrest. It has been held in Fossett v. State, 55 S. W. Rep., 497, that where the defendant is on trial, it is his character prior to the commission of the offense that may be inquired into, and not the character he may have acquired after the commission of the alleged offense, or what was said about his character after that time. This is the rule with reference to general reputation and character of an accused. His reputation or standing growing out of the transaction under which he was indicted could not be used to impeach his character or standing except on the facts themselves incident to the alleged crime as they might appear in his case. The incident of the alleged crime itself might be possibly of such a nature as would justify the jury in finding against him on his plea for suspended sentence. But that is involved in the transaction itself. A man can

not be tried for matters occurring after indictment; he must be tried on the charge in the indictment, which as a matter of law and fact must occur before the indictment is returned.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*