Joseph Harold MARKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 60502.

Court of Criminal Appeals of Texas,
Panel No. 2.

June 10, 1981.

Bob Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., W. Scott Carpenter and Ed Dodd, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery, V.T.C.A., Penal Code, § 29.03(a)(2), where the punishment was assessed by the jury at twenty-two (22) years and six (6) months' imprisonment after the jury found him guilty of the primary offense and a prior felony conviction alleged and proven for enhancement purposes.

Appellant contends in his sole ground of error the "trial court committed reversible error by commenting on the weight of the evidence concerning the testimony of a State's witness after he had been recalled to testify in the appellant's behalf."

The indictment alleged Jowell Wright as the complainant. Wright, 16 years old at the time of trial, testified he was employed part-time at the Dairy Queen on South Park Boulevard in Houston on October 23, 1976. He testified that at gunpoint the appellant made him open the register and give him the money therein. He made an in-court identification of the appellant as the man who held the gun on him, and stated that after the robbery when the police returned appellant to the scene he had identified the appellant. He was subsequently recalled by the State. He identified the pistol taken from the appellant at the time of his arrest as the pistol used in the robbery. Clara Jones, manager of the Dairy Queen, and George Browder, a customer at the time, also identified the appellant as the robber.

After the State rested its case, appellant "recalled" Wright to the stand. Counsel did not make it clear whether he was recalling the State's witness for cross-examination or not. It soon became clear that appellant had adopted the witness as his own. Wright testified that he could not be certain that the appellant was the man who robbed him, and that he had some doubt that appellant was the same man brought to the store after the robbery.

On interrogation by the State it was established the witness went to high school with appellant's brother. When asked if the brother influenced him, Wright's response was, "Like, I told you outside, his brother is a friend of mine, and I don't think I had the right to say anything that could send this man to jail."

When both sides terminated their interrogation, the record reflects:

"THE COURT: I want to call about a five minute recess, and I would like to talk to you. Would you come with me?

"(The Court left the courtroom with witness, Jowell Wright, and then returned after a few minutes.)

"MR. DODD: No further questions from the State, Your Honor.

"MR. HEATH: Your Honor, I want the record to reflect that the man was taken from the stand by the judge and taken to his chambers for a period of four or five minutes, and I would have a motion at this time."

At this point the jury was excused and the appellant moved for a mistrial based upon the court's alleged comment on Wright's testimony and the futility of attempting to cure the error by instruction. The motion was overruled. Wright did not further testify.

Article 38.05, V.A.C.C.P., upon which appellant relies, provides:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

■ To constitute reversible error in violation of this statute the comment must be such that it is reasonably calculated to benefit the State or prejudice the defendant's rights. *Kincade v. State*, 552 S.W.2d 832 (Tex.Cr.App.1977), and cases there cited.

■ Here the trial judge did not make any comment during the ruling on the admissibility of evidence. Appellant apparently relies upon the trial judge's statements that he was calling a five minute recess and that he wanted to talk to the witness, which occurred in the jury's presence as being a remark calculated to convey to the jury his opinion of the case.

While unquestionably it would have been better practice to have removed the jury before telling the witness the court wanted to talk to him, we do not agree that under the circumstances here presented a violation of the statute occurred.

*Caruth v. State*, 77 Tex.Cr.R. 150, 177 S.W. 973 (Tex.Cr.App.1915), which resulted in a reversal and which is relied upon by the appellant, is distinguishable. In *Caruth* the trial judge interrupted a defense witness' initial testimony to order that he be held until an indictment for perjury could be returned against him. The clear import of the trial judge's remarks was that the witness' testimony, which refuted the State's evidence on the elements of the offense, was contrived and not to be believed.

In *Webb v. State*, 503 S.W.2d 799, 801 (Tex.Cr.App.1974), a 15-year-old State's witness in a murder case on direct examination denied the truthfulness of a prior statement. The trial judge thereupon interrupted and admonished her in front of the jury with respect to the potentiality of criminal prosecution for not telling the truth. This court held that there was no reversible error because no objection was made, and in distinguishing the case from *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), noted the admonition was short, not intimidating, and the witness continued to testify.

In *Young v. State*, 49 Tex.Cr.R. 207, 92 S.W. 841, 843 (Tex.Cr.App.1906), the trial judge requested that a witness who had just testified approach the bench, whereupon a conversation took place in the presence but out of the hearing of the jury. This court wrote: "We know of no law that precludes this action on part of the court."

In the instant case the witness Wright contradicted his earlier testimony. The trial judge, unlike the situation in *Caruth*, did not interrupt the interrogation or order the witness held for the grand jury. Much like *Young* the trial judge stated in the jury's presence he wanted to talk to the witness. The conversation between the judge and the witness was in the judge's chambers and not in the hearing of the jury. No objection was offered at the time of the judge's action. When the judge and the witness returned, the prosecutor announced it had no further questions of the witness. At this juncture appellant noted the four or five minute absence of the judge and the witness and asked to have the jury removed to make a motion. The jury was removed and appellant made a mistrial motion which was overruled.

■ It is well established that a jury instruction by the judge to disregard any comments made by him is generally sufficient to cure the error, if any. See *Jackson v. State*, 548 S.W.2d 685 (Tex.Cr.App.1977); *Hernandez v. State*, 507 S.W.2d 209 (Tex.Cr.App.1974). Here there was no objection at the time of the occurrence, or even a belated one as in *Webb v. State*, supra. The appellant made no request for jury instruction to disregard, but moved immediately to a motion for mistrial. The error, if any, was not so egregious that its effect could not have been removed by a timely jury instruction to disregard.

Here Clara Jones and George Browder were eyewitnesses to the robbery, and both identified the appellant.

To constitute reversible error under Article 38.05, V.A.C.C.P., a comment by the court must be reasonably calculated to be a benefit to the State or prejudice the defendant's right. *Kincade v. State*, supra; *Smith v. State*, 595 S.W.2d 120 (Tex.Cr.App. 1980). Neither occurred here with or with-

out regard to the necessity of an objection or request for a jury instruction. The court did not err in overruling the motion for mistrial.

The judgment is affirmed.