TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 3-95-00661-CR







Nolan Paul Reavis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 45,296, HONORABLE OLIVER KELLY, JUDGE PRESIDING






 A jury found appellant Nolan Paul Reavis guilty of burglary of a habitation for which he was
punished by a $5,000 fine and a probated sentence of ten years confinement. See Tex. Penal Code Ann.
§ 30.02(3) (West 1994). He appeals. We will affirm the judgment.


THE CONTROVERSY

 Pending his divorce, Eddie Lynch obtained possession of his child from a day-care center
and took the child to his home. His wife, Kristi, attempted without success to regain possession through
lawful means. Gary and Nolan Reavis--two of Kristi's relatives--and Linda Broughton, Gary's former
wife, joined to take the child from Lynch's home with the purpose of restoring the child to the wife. At
Lynch's home, Broughton and Nolan Reavis gained entry by a ruse. When Gary Reavis sought entry, an
affray began involving the two Reavis men, Eddie Lynch, and his mother Edith Lynch. The Lynches
contend that during the affray they were beaten by the Reavis brothers, Edith was sexually assaulted, and
money was stolen from their home. Broughton took no part in the scuffle but instead slipped into a
bedroom, took the child, and left the home.

 The two Reavis men and Broughton were indicted for burglary with an intent to commit the
following offenses: (1) kidnapping the child; (2) robbery of Edith Lynch; (3) sexual assault of Edith Lynch;
and (4) aggravated assault of Edith and Eddie Lynch. The jury found Nolan Reavis guilty of burglary "as
charged in the indictment."


NECESSITY DEFENSE


 In his first point of error, Reavis contends the trial court erred in refusing to instruct the jury
on the requested defense of necessity. We disagree. The defense of necessity requires a showing that:


(1) the actor reasonably believes the conduct is immediately necessary to avoid
imminent harm;


(2) the desirability and urgency of avoiding the harm clearly outweigh, according to
ordinary standards of reasonableness, the harm sought to be prevented by the law
proscribing the conduct; and 


(3) a legislative purpose to exclude the justification claimed for the conduct does not
otherwise plainly appear.



See Tex. Penal Code Ann. § 9.22 (West 1994) (emphasis added). Only a defendant who produces
evidence raising every element of the defense is entitled to an instruction on the defense. See Wilson v.
State, 777 S.W.2d 823, 825 (Tex. App.--Austin 1989), aff'd, 853 S.W.2d 547 (Tex. Crim. App.
1993). An element is "raised" if there is evidence that a rational juror could accept as sufficient to prove
that element. Id. at 824.

 The State argues that Reavis failed to raise the element of imminent harm. We agree. The
following testimony was relevant to the issue of imminent harm: (1) Lynch had been suicidal; (2) Lynch had
threatened Kristi and the child in the past; (3) Lynch had hit Kristi at least twice during their marriage, once
accidentally knocking the child out of his bassinet; and (4) Lynch had previously used drugs. While these
assertions raise questions about Lynch's character, we do not believe they are facts from which it is
reasonable to assume that the child was in imminent danger. An imminent harm is one that is "immediate,"
"near at hand," "certain," or "menacingly near." See Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim.
App. 1989); Smith v. State, 874 S.W.2d 269, 273 (Tex. App.--Houston. [14th Dist.] 1994, pet. ref'd). 
Lynch's drug use ended two years before he married Kristi and well before the child was born. In 1993,
Lynch briefly checked into a psychiatric hospital for depression after a back injury left him unable to work. 
There is no evidence, however, that any depression or suicidal thoughts made Lynch violent toward others. 
There was no evidence adduced that Lynch had ever intentionally harmed the child, nor that Lynch had
made any threats in connection with his taking the child. In sum, Reavis failed to produce evidence of
specific threats or of Lynch's violent nature that would lead a reasonable person to believe the child was
subject to imminent harm.

 Even if Reavis had properly "raised" the element of imminent harm, we believe the element
of "immediate necessity" was refuted beyond a reasonable doubt. It is "immediately necessary" to avoid
a harm when a split-second decision is required without time to consider the law. Smith, 874 S.W.2d at
273. Whether a belief is reasonable is determined from the defendant's point of view. Auston v. State,
892 S.W.2d 141, 145 (Tex. App.--Houston [14th Dist.] 1994, no. pet. h.). According to the uncontested
testimony of co-defendant Gary Reavis, the three defendants considered "several plans" to get the child
back, including waiting until the morning in hopes of catching Lynch away from his home. In other words,
Reavis had time to consider the law and possible alternatives. Furthermore, once Reavis entered the home
and saw the child sleeping in bed, it was clear the child was not in "imminent harm." At this point, it was
not "immediately necessary" to commit aggravated assault, sexual assault, robbery, or kidnapping in
defense of the child. See Gibbons v. State, 874 S.W.2d 164, 165 (Tex. App.--Houston [14th Dist.]
1994, no. pet.). We overrule Reavis's first point of error.


PROSECUTOR'S COMMENT ON POST-ARREST SILENCE


 In his third point of error, Reavis contends the prosecutor impermissibly commented on
Reavis's post-arrest silence in violation of Article I, § 10 of the Texas Constitution and "state evidentiary
laws." Reavis and his brother Nolan were arrested in June 1994 and released on bond shortly thereafter. 
In September, they voluntarily gave statements to police concerning the event. The prosecution argued
during trial that the defendants, Kristi Lynch, and her parents, conspired after the event to invent a story
regarding Eddie Lynch's dangerous character. He further argued that the defendants were conspiring to
protect Kristi and her mother from criminal liability. The prosecution supported this by arguing that before
September neither Kristi nor the defendants told the police that Eddie was dangerous.

[State:] And if you stop and think about it too, did they say any of this business in June
back when Nolan Paul was arrested on his job, whether he liked it or not? He might not
have--



At this point the defense objected, claiming the comment violated Reavis's right to remain silent. The
prosecution continued:


[State:] . . . But the point I am trying to get at with you is: you don't hear anything
about this bad Eddie, "We felt in danger, that the child was in danger and we are
going to go--"



Defense counsel repeated his objection. (1)

 Commenting on a defendant's post-arrest silence violates his constitutional right against
compelled self-incrimination. See Sanchez v. State, 707 S.W.2d 575, 582 (Tex. Crim. App. 1986). Such
comments do not establish error unless (1) the prosecutor's "manifest intent" was to comment on the
defendant's post-arrest silence, or (2) the character of the comments was such that the jury would
"naturally and necessarily" have construed them as applicable to the post-arrest period. See United States
v. Blankenship, 746 F.2d 233, 238 (5th Cir. 1984). A comment on pre-arrest silence is, however,
permissible. See Waldo v. State, 746 S.W.2d 750, 755 (Tex. Crim. App. 1988).

 The first two comments here could refer either to pre- or post-arrest events. Because the
prosecutor attempted to show a conspiracy beginning in May, it is not clear that his "manifest intent" was
to refer to post-arrest silence; furthermore, there is no reason the jury would have "naturally and
necessarily" construed them as such. Moreover, the comments do not refer explicitly to the defendants;
they might also refer to the silence of Kristi and Gloria Lynch. Because comments regarding pre-arrest
silence are proper, and because the comments here are ambiguous as to when and to whom they refer, we
cannot say the comments were improper. We overrule Reavis's third point of error.


 ATTACK ON DEFENSE COUNSEL


 At the outset of Lynch's cross-examination, Reavis's counsel tried to impeach Lynch with
evidence that Lynch had been convicted in 1989 of the felony offense of indecency with a child. Lynch
answered that the charge had not been made against him, but rather against his father, Edward Lynch,
Senior. Reavis's counsel did not pursue the matter. In closing argument, the State argued that the
impeachment was a "cheap, dirty trick, if there ever was one." Reavis's counsel objected that such a
comment was an impermissible personal attack on defense counsel. The trial court overruled the objection.

 Even assuming the State's argument was improper, we find it harmless. To determine
whether the error is harmless, we must examine the source of the error, the nature of the error, whether or
to what extent it was emphasized by the State, and its probable collateral implications. Harris v. State,
790 S.W.2d 568, 587 (Tex. Crim. App. 1989); Orona v. State, 791 S.W.2d 125, 129 (Tex. Crim. App.
1990). Further, we must consider how much weight a juror would probably place upon the error, and
determine whether declaring the error harmless would encourage the State to repeat it with impunity. Id. 
We should focus on whether the error might possibly have prejudiced the jurors' decision-making, and
whether the jurors were able properly to apply the law to the facts in order to reach a verdict. Id.

 Applying these standards, we conclude the improper jury argument by the State was
harmless. The comment was made in passing and not repeated or reinforced. When defense counsel
objected to the State's argument and the trial court overruled the objection, the State abandoned its
argument. See Orona, 791 S.W.2d at 130. Finally, the comment was not a blanket statement suggesting
defense counsel lied or manufactured evidence, which are areas of special concern. See Bell v. State, 614
S.W.2d 122,123 (Tex. Crim. App. 1981). Rather, the State's comment was limited in scope, attacking
only the propriety of defense counsel's single attempt to impeach Lynch. Since the comment was made
in passing and not reinforced or emphasized, the probable impact of the error on the jury was minimal, if
any. See Orona, 791 S.W.2d at 130. We overrule Reavis's fifth point of error.


COMMENT ON THE WEIGHT OF THE EVIDENCE


 Reavis contends in his sixth point of error that the trial judge erred by commenting
improperly on the weight of the evidence. Before Gloria Reavis, the child's grandmother, was called as
a witness, testimony by other witnesses indicated she might have played an important role in trying to
retrieve the child. Because of this, the court told defense counsel he would inform Mrs. Reavis of her right
against self-incrimination before she began, then see whether she still wanted to testify. Defense counsel
agreed. When Mrs. Reavis took the stand, the court warned her that previous testimony indicated she
"might possibly have had some part in the expedition to take [the child] from Eddie Lynch's home," that
she "might possibly be implicated in the crime of burglary and kidnapping," and warned her that her
testimony could be used against her. At this point, defense counsel objected, claiming the court's
admonition constituted a comment on the weight of the evidence because it assumed a crime had been
committed. The court overruled the objection then instructed the jury that the warning should not be
interpreted as a comment on the evidence.

 A defendant must make a timely objection in order to preserve error in the admission of
evidence. An objection should be made as soon as the ground for objection becomes apparent. See
Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). When the court announced it would
read Mrs. Reavis her rights, it became obvious that a potentially objectionable comment was forthcoming. 
Not only did the defendant fail to object, he affirmatively agreed to the warning. Any error is waived. Id.
at 355; see also Sikes v. State, 500 S.W.2d 650, 651 (Tex. Crim. App. 1973) (where defendant failed
to object to judge's question constituting a comment on the evidence until after it was asked and answered,
any error was waived.).

 Even if Reavis had preserved error, we believe the error was harmless. A trial court's
comment constitutes reversible error only if it is reasonably calculated to benefit the state or prejudice the
defendant's right to a fair and impartial trial. Tex. Code Crim. Proc. Ann. § 38.05 (West 1979); see
Eckert v. State, 672 S.W.2d 600, 606 (Tex. App.--Austin 1984, pet. ref'd). We do not believe those
effects were intended, nor do we believe the comment was harmful to Reavis. The court emphasized that
Ms. Reavis's self-incrimination was not a certainty, but rather that she "might possibly" incriminate herself. 
The court's opinion as to the likelihood of self-incrimination was not made clear. In any event, the court's
instruction to the jury not to interpret the comment as a comment on the weight of the evidence was
sufficient to remedy any harm or prejudice to Reavis. See Marks v. State, 617 S.W.2d 250, 252 (Tex.
Crim. App. 1981). We overrule point six.


INEFFECTIVE ASSISTANCE OF COUNSEL


 In his second and fourth points of error, Reavis contends he was denied the reasonably
effective assistance of counsel contemplated in the Sixth Amendment to the United States Constitution and
article I, section 10 of the Texas Constitution. Specifically, he complains trial counsel failed to: (1) request
an instruction on the lesser-included offenses of criminal trespass and false imprisonment; (2) request
removal of the jury before giving a Miranda warning to a defense witness; and (3) request a mitigating
instruction after the witness invoked that privilege in the presence of the jury.

 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that, to show
ineffective assistance of counsel, a convicted defendant must first show that counsel's performance fell
below a minimum objective level of reasonableness. The defendant must also show that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Id. at 686. Unless a
defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the
adversary process that renders the result unreliable. Id. at 687; Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986); see also O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992,
no pet.).

 In determining whether counsel's trial performance was deficient, judicial scrutiny must be
highly deferential. A reviewing court must indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Strickland, 466 U.S. at 670; McFarland v. State,
845 S.W.2d 824, 843 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963 (1993).

 Reavis has the burden of proving ineffective assistance of counsel. He has not brought to
this court any evidentiary record showing the reasons for his attorney's actions and we can only speculate
on trial counsel's strategy. Due to the absence of evidence concerning counsel's reasons for his actions,
we are unable to conclude that his performance was deficient. See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). We must presume that Reavis's counsel was better positioned than this court
to assess a proper strategy under the circumstances, and that he made all significant decisions in the
exercise of reasonable professional judgment. See Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim.
App. 1992); Waddell v. State, 918 S.W.2d 91, 93 (Tex. App.--Austin 1996, no pet.) (defense counsel's
failure to request instruction on lesser-included offenses presumed to be strategic decision.); Stafford v.
State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (defense counsel's failure to object at trial can be
sound trial strategy.).

 In any event, even assuming Reavis's trial counsel's actions were error, we conclude that
Reavis has not met his burden of showing that the decision reached by the jury would have been different
absent the alleged errors. See Strickland, 466 U.S. at 686. Considering the totality of the evidence before
the jury, we hold that defense counsel's alleged errors are not such as to undermine our confidence in the
outcome of Reavis's trial and render the result unreliable. See Strickland, 466 U.S. at 687; Shaw v.
State, 874 S.W.2d 115, 119-120 (Tex. App.--Austin 1994, pet. ref'd). We overrule points of error two
and four.

 For the reasons given, we affirm the judgment.


 

 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: May 1, 1997

Do Not Publish

1. The prosecutor also made the following comment:


[State:] At any rate, ladies and gentlemen, these defendants had from June until
September 29th, when they were interviewed by two different police officers in
Killeen, John Wedge and Jack St. John. They had all of those months to get their
stories together and to make sure that they were consistent with each other and make
sure it sounded like what we did is in some way justified. And I think clearly that's
what we have shown you.


Defense counsel did not repeat his objection and therefore waived any objection to this comment. See
Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); San Roman v. State, 681 S.W.2d 872,
875 (Tex. App.--El Paso 1984, pet. ref'd).


TRONG>
INEFFECTIVE ASSISTANCE OF COUNSEL


 In his second and fourth points of error, Reavis contends he was denied the reasonably
effective assistance of counsel contemplated in the Sixth Amendment to the United States Constitution and
article I, section 10 of the Texas Constitution. Specifically, he complains trial counsel failed to: (1) request
an instruction on the lesser-included offenses of criminal trespass and false imprisonment; (2) request
removal of the jury before giving a Miranda warning to a defense witness; and (3) request a mitigating
instruction after the witness invoked that privilege in the presence of the jury.

 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that, to show
ineffective assistance of counsel, a convicted defendant must first show that counsel's performance fell
below a minimum objective level of reasonableness. The defendant must also show that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Id. at 686. Unless a
defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the
adversary process that renders the result unreliable. Id. at 687; Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986); see also O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992,
no pet.).

 In determining whether counsel's trial performance was deficient, judicial scrutiny must be
highly deferential. A reviewing court must indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Strickland, 466 U.S. at 670; McFarland v. State,
845 S.W.2d 824, 843 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963 (1993).

 Reavis has the burden of proving ineffective assistance of counsel. He has not brought to
this court any evidentiary record showing the reasons for his attorney's actions and we can only speculate
on trial counsel's strategy. Due to the absence of evidence concerning counsel's reasons for his actions,
we are unable to conclude that his performance was deficient. See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). We must presume that Reavis's counsel was better positioned than this court
to assess a proper strategy under the circumstances, and that he made all significant decisions in the
exercise of reasonable professional judgment. See Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim.
App. 1992); Waddell v. State, 918 S.W.2d 91, 93 (Tex. App.--Austin 1996, no pet.) (defense counsel's
failure to request instruction on lesser-included offenses presumed to be strategic decision.); Stafford v.
State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (defense counsel's failure to object at trial can be
sound trial strategy.).

 In any event, even assuming Reavis's trial counsel's actions were error, we conclude that
Reavis has not met his burden of showing that the decision reached by the jury would have been different
absent the alleged errors. See Strickland, 466 U.S. at 686. Considering the totality of the evidence before
the jury, we hold that defense counsel's alleged errors are not such as to undermine our confidence in the
outcome of Reavis's trial and render the result unreliable. See Strickland, 466 U.S. at 687; Shaw v.
State, 874 S.W.2d 115, 119-120 (Tex. App.--Austin 1994, pet. ref'd). We overrule points of error two
and four.

 For the reasons given, we affirm the judgment.


 

 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: May 1, 1997

Do Not Publish

1. The prosecutor also made the followin