# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00544-CR

**Erasmo Lorenzo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT NO. D-1-DC-07-300655, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Erasmo Lorenzo appeals his conviction for sexual assault, a second degree felony. *See* Tex. Penal Code Ann. § 22.011(a)(1)(a) (West Supp. 2009). A jury found him guilty and assessed punishment at four years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. By one issue, Lorenzo contends his right to a fair trial was violated because the trial court improperly commented on the weight of the evidence. We will affirm.

The trial court may not comment on the weight of the evidence or convey an opinion of the case in the jury's presence at any stage of the trial. *See* Tex. Code Crim. Proc. Ann. art. 38.05 (West 1979); *Blue v. State*, 41 S.W.3d 129, 134 (Tex. Crim. App. 2000). A judge improperly comments on the weight of the evidence when he or she makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *Simon v. State*, 203 S.W.3d 581, 590 (Tex. App.—Houston

[14th Dist.] 2006, no pet.). The rule against such comments is grounded in the fact that "[j]urors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved." *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003) (quoting *LaGrone v. State*, 209 S.W. 411, 415 (Tex. Crim. App. 1919)). However, "a trial judge's irritation at the defense attorney does not translate to an indication as to the judge's views about the defendant's guilt or innocence," and "a trial judge has broad discretion in maintaining control and expediting the trial." *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2000).

The first comment Lorenzo complains of occurred during a bench conference immediately after the lunch recess and before the jury had been brought back into the courtroom. During the conference the judge said to defense counsel: "[D]on't give me that hogwash." Lorenzo contends that the comment was "made in the presence of the jury, displayed displeasure by the Court with defense counsel, and most definitely did not escape the jurors' notice." However, the reporter's record indicates that the jury was not in the courtroom when the complained-of comment was made. Because the comment was made outside the presence of the jury, it could not convey to them the judge's opinion of the case or constitute an impermissible comment on the weight of the evidence.

Lorenzo next complains about the trial court's comments regarding the repetitious nature of the testimony defense counsel was eliciting from Lorenzo. Defense counsel was asking Lorenzo to confirm that he had been asked each of a series of questions by the prosecutor the day before and to confirm what his answers were. Eventually, the judge interrupted the questioning:

2

**The Court:** We were all here in the courtroom. The jury heard all the questions yesterday. I heard all the questions yesterday. We all heard all the questions. Can you get to the point?

**Defense Counsel:** Yes, sir, I will.

**The Court:** Promptly?

**Defense Counsel:** Yes, sir. I'm going there. But I do object to the Court's again, sidebar as to whether I have a point or not. There has been no objection and so I object to your objecting to me and my cross examination—or my direct examination.

**The Court:** It is noted, sir. Please get to the point.

After this admonishment, defense counsel was permitted to, and did, continue to question Lorenzo about the previous day's testimony and was allowed to make his point. The judge's request that defense counsel refrain from repeating an entire line of the prosecution's questioning was not an improper comment on the weight of the evidence. In fact, Rule 611 of the rules of evidence requires the court to exercise reasonable control over the mode of interrogating witnesses and presenting evidence so as to avoid needless consumption of time. *See* Tex. R. Evid. 611(a)(2). Here, the trial court's comment did not imply disapproval of the defense counsel's argument, indicate disbelief in the defense's position, or tend to diminish the credibility of the defense's approach to its case. *See Hoang v. State*, 997 S.W.2d 678, 681-82 (Tex. App.—Texarkana 1999, no pet.) (trial court's statement to defense counsel to "quit being repetitious" not improper comment on weight of evidence). At most, the comment conveyed the trial court's irritation with defense counsel for essentially repeating a portion of the prosecutor's examination of Lorenzo.

Lorenzo next complains of the trial court's instruction to defense counsel that he discontinue a line of questioning that went beyond the court's ruling that defense counsel could

3

impeach the witness with her own personal interest. The court stated: "You've switched gears from the witness maybe having another interest to the whole State of Texas by whatever they do is—influences. You've switched gears." The court's expression of its view that defense counsel had gone beyond the scope of permitted questioning was not a comment on the weight of the evidence. Although the judge's comment conveyed his opinion about the propriety of the questions, it did not indicate the judge's opinion regarding the strength of Lorenzo's case as a whole. *See In re J.G.*, 195 S.W.3d 161, 177-79 (Tex. App.—San Antonio 2006, no pet.). To constitute reversible error, the trial court's comments must be reasonably calculated to prejudice the defendant's rights. *See Sharpe v. State,* 648 S.W.2d 705, 706 (Tex. Crim. App. 1983) (citing *Marks v. State*, 617 S.W.2d 250 (Tex. Crim. App. 1981)). The trial court's remarks in this instance neither benefited the State nor prejudiced Lorenzo and therefore do not constitute reversible error.

Finally, Lorenzo complains of the trial court's comments during the following exchange:

**The Court:** We've been over what [the detective] knows by both sides—

**Defense Counsel:** Thank you, Judge.

**The Court:** —multiple times, and we hadn't got anywhere since she's come back after lunch, really not far, not much.

**Defense Counsel:** I'll object to the sidebar. I do object to you making the sidebar comment, I'm sorry, but I do need to make an objection.

**The Court:** My comments are only that we've gone over and over this before, and you-all are more arguing with her than eliciting what the facts are that she knows that are relevant, and it's on both sides.

4

**Defense Counsel:** I understand. But from the defense side, we object to the sidebar comment.

**The Court:** Yes, sir. The jury should not consider them for any purposes whatsoever.

Again, rather than commenting on the evidence, the court was exercising its authority to ensure that the trial was conducted in a manner that did not involve needless consumption of time. Moreover, the comment was directed at both the State and defense counsel and indicated that the trial court believed both sides were belaboring the point and arguing with the witness. As such, it did not tend to benefit the State or prejudice Lorenzo. Also, to the extent the trial court's remarks could be construed as a comment on the weight of the evidence, his instruction that the jury should not consider his comments for any purpose cured any error. *See Marks v. State*, 617 S.W.2d 250, 252 (Tex. Crim. App. 1981) (instruction by trial judge to disregard comments made by him or her is generally sufficient to cure any error arising from his or her statements).

After reviewing the record, we cannot conclude that the trial court improperly commented on the weight of the evidence or that his remarks were calculated to or did convey the court's opinion of the case to the jury. We conclude that none of the court's comments, either considered individually or in the aggregate, implied approval of the State's argument, indicated disbelief in the defense's position, or diminished the credibility of the defense's approach. The trial court's comments had no effect on Lorenzo's presumption of innocence and did not violate his right to a fair trial by an impartial jury. We overrule the appellate issue.

**CONCLUSION**

Having overruled Lorenzo's appellate issue, we affirm the trial court's judgment.

_____

Diane M. Henson, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed:   July 14, 2010

Do Not Publish

6