# NO. 12-24-00008-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER ANDREW PRICE,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Andrew Price appeals his conviction for harassment of a public servant. In two issues, Appellant challenges the sufficiency of the evidence and contends the trial court improperly commented on the weight of the evidence. We affirm.

## BACKGROUND

Deputy Joshua Stelly of the Smith County Sheriff's Office was dispatched to investigate a male who called 9-1-1 "several times, using profane language towards the communicators and hanging up occasionally." Upon arriving, Stelly encountered Appellant, who was staggering, appeared to be intoxicated, and admitted to drinking. Appellant initially expressed concern for a friend, who he believed was murdered. Appellant eventually became agitated and threatened to walk away, and Stelly believed that Appellant's intoxication and inability to walk made him a danger to himself and others. Stelly and other officers ultimately detained Appellant, arrested him

for 9-1-1 abuse and public intoxication, and placed him in the rear of Stelly's patrol vehicle. While Stelly transported Appellant to jail, Appellant spit at him five times. Stelly testified that he was wearing short sleeves, and Appellant's saliva contacted his skin once, on his right arm. Video footage from both Stelly's body camera and the camera in the back of his patrol vehicle were admitted into evidence and published to the jury.

The jury sent several notes to the trial court during deliberations. In one of the notes, the jury requested that Stelly's testimony regarding the "spit incident" and his reaction to it be read back to them and stated that the jurors disagreed "over whether or not the spit was heard or felt[.]" When the trial judge suggested providing testimony regarding the incident when Stelly felt saliva contact his skin, defense counsel lodged the following objection:

> I would object because there were multiple spitting incidents and this note does not indicate which one specifically they're talking about. . . . I mean, they haven't said the incident where . . . he was spit on or allegedly spit on or anything like that. They're talking about the incidents globally. And for that reason, Judge, we would object to the Court only assuming . . . that's what the jury meant, even though that's not in their note.

The trial court responded, "I've not made a ruling on any of this. I do note your objection." The prosecutor stated, "I think they do say in the note the alleged spitting incident. I think we can all agree that that means what he's here charged for, which is what the deputy testified to is the incident he felt being spit on by the defendant." Defense counsel again noted that the State elicited testimony regarding five spitting incidents. Defense counsel stated, "I'm not opposed to sending it back, Judge." The trial court ultimately decided to provide the jury with three portions of testimony regarding "whether or not the spit was heard or felt." The court's deputy then delivered the testimony to the jury.

The jury found Appellant "guilty" of harassment of a public servant. After the punishment phase, the jury assessed punishment at imprisonment for twelve years.[1] This appeal followed.

## EVIDENTIARY SUFFICIENCY

In issue one, Appellant challenges the sufficiency of the evidence supporting his conviction. Specifically, Appellant argues that a material variance exists because the indictment alleged that he spit on Stelly while Stelly was "discharging an official duty, namely arresting[] or

---

[1] The jury found that the State proved Appellant was previously convicted of at least one felony.

2

detaining" Appellant, yet the evidence established that the spitting incident occurred, "if at all," when Stelly was transporting him to jail after his detention and arrest.

## Standard of Review and Applicable Law

When evaluating the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We measure the sufficiency of the evidence by comparing it to "'the elements of the offense as defined by the hypothetically correct jury charge for the case.'" *Hernandez v. State*, 556 S.W.3d 308, 312 (Tex. Crim. App. 2017) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). A hypothetically correct jury charge is "'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id*. (quoting *Malik*, 953 S.W.2d at 240).

A variance occurs when there is a discrepancy between the allegations in the indictment and the proof offered at trial. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). Variances can occur in two ways: (1) the State's proof deviates from the statutory theory of the offense as alleged in the indictment, or (2) the State's proof deviates from a non-statutory allegation in the indictment that describes the offense in some way. *Hernandez*, 556 S.W.3d at 313-14. Variances that arise from non-statutory allegations may be either material or immaterial. *Id.* at 314; *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014). "Immaterial variances do not affect the validity of a criminal conviction, and . . . a hypothetically correct jury charge need not incorporate allegations that would give rise to only immaterial variances." *Thomas v. State*, 444 S.W.3d at 9 A variance is material if it prejudices the defendant's substantial rights. *Gollihar v. State*, 46 S.W.3d 243, 248, 257 (Tex. Crim. App. 2001). "In variance law, it is well-settled that the burden of demonstrating surprise or prejudice rests with the defendant." *Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001).

When determining whether a variance is material, we examine whether the indictment informed the defendant of the charge against him sufficiently to permit him to prepare an adequate defense at trial and whether the indictment would subject him to a risk of later prosecution for the

same crime. *Gollihar*, 46 S.W.3d at 248. "'A variance involving the statutory language that defines the offense always renders the evidence legally insufficient[.]'" *Delarosa v. State*, 677 S.W.3d 668, 678 (Tex. Crim. App. 2023) (quoting *Johnson v. State*, 364 S.W.3d 292, 298 (Tex. Crim. App. 2012)). However, a variance that does not involve the statutory language that defines the offense "can be either material or immaterial, . . . depending upon whether it would result in conviction for a different offense than what the State alleged." *Hernandez*, 556 S.W.3d at 314. Variances that involve immaterial non-statutory allegations do not render the evidence legally insufficient. *Johnson*, 364 S.W.3d at 299. "[W]hen an indictment needlessly pleads an allegation that gives rise to an immaterial variance, that allegation will not be included in the hypothetically correct jury charge." *Geick v. State*, 349 S.W.3d 542, 545 (Tex. Crim. App. 2011).

**Analysis**

A person commits the offense of harassment of a public servant if "with the intent to assault, harass, or alarm," he causes another person he knows to be a public servant to contact his saliva "while the public servant is lawfully discharging an official duty[.]" TEX. PENAL CODE ANN. § 22.11(a)(3) (West 2019). Appellant does not provide any authorities holding that transporting a defendant to jail is not part of an arrest or detention. *See* TEX. R. APP. P. 38.1(i). Assuming arguendo that a variance occurred, because the State was not required to prove the specific type or nature of the official duty Stelly was performing, the alleged variance of which Appellant complains involves a non-statutory allegation that describes the offense. *See* TEX. PENAL CODE ANN. § 22.11(a)(3); *Hernandez*, 556 S.W.3d at 313-14. "[F]or non-statutory allegations[,] [courts] tolerate some variation in pleading and proof. . . . What is essential about variances with respect to non-statutory allegations is that the variance should not be so great that the proof at trial 'shows an entirely different offense' than what was alleged in the charging instrument." *Johnson*, 364 S.W.3d at 295 (quoting *Byrd*, 336 S.W.3d at 246-47).

Because a non-statutory allegation may be either material or immaterial, we will determine the materiality of the alleged variance by examining whether the indictment sufficiently informed Appellant of the charge against him to allow him to prepare an adequate defense and whether the indictment would subject Appellant to a risk of later prosecution for the same crime. *See Gollihar*, 46 S.W.3d at 248. The Court of Criminal Appeals illustrated the necessary analysis with a hypothetical involving a prosecution for murder, in which the indictment alleged death by stabbing. *Hernandez*, 556 S.W.3d at 314 (citing *Johnson*, 364 S.W.3d at 296). The Court

4

reasoned that if the evidence adduced at trial instead showed that the defendant bludgeoned the victim to death, such a variance would not be material because "the manner in which the murder was perpetrated does not affect how many murder offenses occurred." *Id*. The Court further explained, "[b]ecause the different means . . . do not result in separate offenses, the variance . . . would not be material and would not inform the hypothetically correct jury charge or implicate legal sufficiency." *Id*.

In the instant case, the gravamen of the charged offense is harassing Stelly, a public servant, by causing Stelly's body to contact Appellant's saliva while Stelly was lawfully discharging an official duty. *See* TEX. PENAL CODE ANN. § 22.11(a)(3). As previously discussed, the State was not required to prove the specific official duty in which Stelly was engaged when Appellant caused Stelly's body to contact Appellant's saliva. *See id*. The alleged variance of which Appellant complains did not allege a different manner or means of committing the offense than the evidence at trial showed; that is, the fact that the evidence showed that Appellant's saliva contacted Stelly's body in Stelly's patrol vehicle rather than while Stelly was placing handcuffs on Appellant does not result in a separate offense. *See id*.; *Hernandez*, 556 S.W.3d at 313-14.

Although Appellant argues that he "was not provided proper notice that the discharge of official duties would include events that occurred after" he was detained, arrested, and placed into custody, he offers no explanation regarding how the alleged variance prevented him from preparing an adequate defense. *See Gollihar,* 46 S.W.3d at 248. The only spitting incidents that occurred took place in Stelly's patrol car. Appellant cites no complaint by his trial counsel on the record about lack of notice or difficulty in preparing for trial, and we found none. In addition, Appellant does not suggest how the alleged variance left him open to being prosecuted for harassment of Stelly in the future. *See id.* We conclude that Appellant fails to meet his burden of demonstrating surprise or prejudice. *See Santana*, 59 S.W.3d at 194. We further conclude that the alleged variance would not result in a conviction for a different offense than what the State alleged. *See Hernandez*, 556 S.W.3d at 314; *Johnson*, 364 S.W.3d at 295.

For all these reasons, we conclude that the alleged variance was immaterial. *See Gollihar*, 46 S.W.3d at 248. We further conclude that the indictment sufficiently informed Appellant of the charged offense to allow him to prepare an adequate defense, and the indictment would not subject Appellant to a risk of later prosecution for the same crime. *See id.* Lastly, reviewing all the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could

have found the essential elements of the offense beyond a reasonable doubt.  *See Brooks*, 323 S.W.3d at 902 n.19; *Hooper*, 214 S.W.3d at 13.  For all these reasons, we overrule issue one.

**COMMENT ON WEIGHT OF EVIDENCE**

In issue two, Appellant argues that the trial court impermissibly commented on the weight of the evidence in responding to a note from the jury requesting that testimony regarding whether the saliva was felt or heard be read back to them.  The State contends the issue is not preserved for appellate review because Appellant failed to object at trial.

**Applicable Law**

Article 38.05 of the Texas Code of Criminal Procedure provides that a trial court shall not, "at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury [its] opinion of the case."  TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979).  Article 36.14 of the Texas Code of Criminal Procedure provides that a trial judge must deliver to the jury a written charge distinctly setting forth the applicable law without expressing any opinion regarding the weight of the evidence. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).  When a trial court responds substantively to a jury's question during deliberations, that communication essentially amounts to a supplemental jury instruction.  *Daniell v. State* 848 S.W.2d 145, 147 (Tex. Crim. App. 1993). The question of error preservation turns upon the nature of the right allegedly infringed. *Proenza v. State*, 541 S.W.3d 786, 796 (Tex. Crim. App. 2017).  There are three categories of rights: (1) absolute systemic requirements, (2) rights of litigants which must be implemented unless expressly waived; and (3) rights of litigants which are to be implemented upon request. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).  The first two categories of errors may be raised for the first time on appeal.  *Proenza*, 541 S.W.3d at 798-99.   Articles 36.14 and 38.05 involve rights that must be implemented unless expressly waived.  *Id*.  We therefore conclude that Appellant may raise the issue on appeal despite defense counsel's failure to object at trial.  *See id*.

A trial court improperly comments on the weight of the evidence if it implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case.  *Nguyen v. State*, 506 S.W.3d 69, 83 (Tex. App.—Texarkana 2016, pet. ref'd).  To constitute reversible error, the alleged comment on the weight of the evidence

must be such that it is reasonably calculated to benefit the State or to prejudice the defendant's rights. *Proenza*, 541 S.W.3d at 791; *Marks v. State*, 617 S.W.2d 250, 251-52 (Tex. Crim. App. [Panel Op.] 1981).

## Analysis

As discussed above, in response to the jury's note, the trial court ultimately decided to provide three portions of testimony regarding whether the spit was heard or felt. Although the evidence indicated that Appellant spat at Stelly five times, and when publishing the video from Stelly's patrol car to the jury, the prosecutor briefly questioned Stelly regarding other instances in which Appellant could be heard spitting at him, Appellant was charged only with harassment stemming from the single spitting incident during which Stelly felt Appellant's saliva contact his arm. Additionally, the jury's note asked for testimony regarding "the spit incident[;]" that is, the jury's request was phrased in the singular, not the plural.

The trial court sending the jury three portions of testimony that were responsive to the jury's request did not imply approval of the State's argument, indicate disbelief in the defense's position, or diminish the credibility of the defense's approach to the case. *See Nguyen*, 506 S.W.3d at 83. In addition, assuming arguendo that the three portions of the testimony the trial court provided to the jury constituted an improper comment on the weight of the evidence, we conclude that any such error was not reasonably calculated to benefit the State or to prejudice Appellant's rights, and therefore was not reversible error. *See Proenza*, 541 S.W.3d at 791; *Marks*, 617 S.W.2d at 252; *see also* TEX. R. APP. P. 44.2(b). Accordingly, we overrule issue two.

## DISPOSITION

Having overruled issues one and two, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 21, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 21, 2024**

**NO. 12-24-00008-CR**

**CHRISTOPHER ANDREW PRICE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1418-23)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*